G-unter, J.
.The complaint avers that plaintiff, at the times therein mentioned, was the owner and in the actual possession of certain mining claims and mill sites, also a stamp mill and other improvements situate thereon; that defendants, at such times, unlawfully, by force and violence, entered upon said premises, destroyed part of a building, and removed a portion of the machinery used in operating said property, and that defendants threaten, by force, to re-enter said premises, eject the plaintiff therefrom, and to destroy the buildings, machinery- and other improvements thereon; that defendants will commit such acts unless restrained by order of court.
*119 The insolvency of each of the defendants is also averred.
Defendants Nunn and the transmission company moved an order requiring the complaint to he made more specific and certain. This motion was sustained, plaintiff declined to amend, and to review the resultant judgment of dismissal brought this appeal.
Defendant Nunn says that the complaint does not designate the particular wrongful act done by each defendant; that trespasses are alleged to have been committed by certain individuals, yet it is not alleged that such individuals in so acting were his agents; that it is not alleged that he in any manner conspired with his codefendants in doing the acts charged.
We answer that the complaint charges every act complained of to have been committed by defendants acting jointly either through themselves or others.
Plaintiff was not required to set out the evidence by which these ultimate facts were to be proven.
Defendant, the transmission company, says further that the complaint lacks certainty in not averring through what particular officers, agents or employes of it the supposed trespasses were committed, and that without such specific .allegation it cannot investigate and determine whether such trespasses were committed.
This was asking plaintiff to plead its evidence, which it was not required to do.
In Wood and others v. Minneapolis & St. L. Ry. Co., 35 N. W. 5, defendant moved for an order requiring the complaint to be made more definite and certain by alleging the officials through whom it negotiated and entered into the contract, a violation of which was complained of, saying that without such knowledge the complaint could not be safely an *120 swered, nor could witnesses without great expense be procured for the trial. The motion was denied, the court saying inter alia, “The uncertainty * * * complained of is not as to what the complaint’ alleges, but as to what particular evidence the plaintiff may produce to support it. * '* * What defendant asks is that the plaintiffs be required to plead the names of the particular officers or agents, claimed to have done or committed these acts. * * * To require this would be unprecedented, and subversive of the most familiar and well-established rules of pleading. ’ ’
Appellees contend that the complaint contains redundant matter. If it does, a motion pointing it out and requesting it to be stricken is the proper remedy. — Code, sec. 60. This course was not pursued. The court erred in sustaining the motion.
Judgment reversed. Reversed.