[No. 7838. Decided June 29, 1909.]

Bartholomew Coughlin, *Respondent*, v. Lulu A. Holmes *et al.*, *Appellants*.[1]

Appeal—Review—Presumptions—Taxation—Redemption— Tender. Where the record in an action to set aside a tax foreclosure shows that a tender of taxes was made and paid into court, in the absence of a statement of facts or showing to the contrary, it will be presumed on appeal that the complaint was amended to allege the tender and proof made as required by Bal. Code, §§ 5678, 5679.

Taxation—Tax Sale—Validity—Purchase by Officer. A sale of land for taxes by a county treasurer to a deputy in his office is void as against public policy.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered April 25, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Harris Baldwin*, for appellants.
*William S. Lewis*, for respondent.

Mount, J.—Plaintiff brought this action to quiet title to certain real estate in Spokane county. The plaintiff alleged

[1]Reported in 102 Pac. 772.

title under mesne conveyances extending back to the United States, and, also, that at the time he purchased the property, viz., on April 24, 1906, the land was unimproved, vacant land; that the property was purchased from the record owner for a valuable consideration, without notice of any other claim or incumbrance thereon; that after purchase the plaintiff took possession and made valuable improvements upon the property, and paid all the taxes subsequent to the year 1903. The complaint also alleged that the defendants made a claim of title by virtue of certain tax foreclosure proceedings, wherein the county treasurer at a tax foreclosure sale, on March 20, 1903, sold the land in controversy to defendant Emmett H. Holmes, who bid it in for the sum of $1.40; that at the time of the sale the defendant was a deputy in the office of the county treasurer; that thereafter while the defendant Emmett H. Holmes was still a deputy in the treasurer's office, a tax deed was issued to Lulu A. Holmes, wife of said Emmett H. Holmes, but that the said deed was not placed of record until June 14, 1906, and plaintiff was not informed thereof until July, 1907; that from the time of the tax sale in 1903, the defendants stood by and permitted the plaintiff to take possession, to make valuable improvements, and pay the taxes upon the property, without notice of any adverse claim until July, 1907.

The complaint did not plead a tender to the defendants of taxes paid by them upon the property. The defendants filed an answer, denying the allegations of the complaint, except those relating to the tax sale and deed issued thereunder. The cause was tried to the court without a jury. At the close of the evidence, the defendants moved the court to dismiss the action, for the reason that the complaint did not allege and the evidence did not show a tender to the defendants of the amount of taxes, penalties, interest, and costs paid by them in procuring the tax deed mentioned. This motion was denied, and final judgment was entered quieting

title in the plaintiff. The defendants have appealed from that decree.

No statement of facts is brought here. The appellants rely solely upon the position that it is necessary under the provisions of §§ 5678 and 5679, Bal. Code (P. C. §§ 8733, 8734), to plead and prove a tender of all taxes, penalties, interest, and costs justly due and unpaid upon such land before there can be a recovery in this case. In the case of *Denman v. Steinbach,* 29 Wash. 179, 69 Pac. 751, we held that the owner of land sold for delinquent taxes could not maintain an action to quiet title without tendering to defendant the amount paid by him on account of such delinquent taxes, and it is true that the complaint in this case does not allege such tender. But we have frequently held that pleadings may be amended at the trial to conform to the evidence introduced, without objection. *Peterson v. Barry,* 50 Wash. 361, 97 Pac. 239; *Cunningham v. Lakin,* 50 Wash. 394, 97 Pac. 447. The record before us shows that a tender was made and the amount thereof paid into court. The statement of facts was not brought here, and it is not shown that the complaint was not amended in this respect, or that the proof was not made. In order to reverse this case, we must assume that the complaint was not amended and that no proof of tender was made. We may assume facts to support a judgment, but we must not assume facts against the judgment. Error must affirmatively appear. *Sellers v. Pacific Wrecking & Salvage Co.,* 34 Wash. 111, 74 Pac. 1056.

Furthermore, we are of the opinion that the judgment may be sustained upon the ground that the sale of the land by the county treasurer to himself or a deputy in his office is against public policy, and therefore invalid. *Sponable v. Woodhouse,* 48 Kan. 173, 29 Pac. 394.

The judgment must therefore be affirmed, and it is so ordered.

RUDKIN, C. J., CROW, DUNBAR, FULLERTON, GOSE, and MORRIS, JJ., concur.