## No. 11,397.

School District No. 98, Adams County *v.* Pomponi, et al.

Decided July 6, 1926.

Action to cancel contract.  Judgment for defendants.

*Reversed.*

1. Schools—*School District—Municipal Corporations.*  A school district is not strictly a municipal corporation.  It is a quasi municipal corporation, being a subordinate division of the county which has control of public schools and school property.

2. Municipal Corporations—*School Districts—Contracts.*  One who contracts with municipal corporations or school districts is charged with knowledge of their statutory powers and authority, and their limitations and restrictions in making contracts.

3. Pleading—*Canceling Contracts—School Districts.*  In an action by a school district to cancel a contract, although the complaint specified a particular section of the statute prohibiting such contracts, plaintiff was not restricted thereto, but could urge the objection that it was contrary to public policy.

4. *Schools—Construction.*  Courts will not give a technical construction to the complaint of a school district seeking cancellation of a contract between the school board and its individual members for their benefit, which will operate to shield and sanction their wrongful action.

5. Schools—*Contracts—Validity.*  A contract, whereby a school board grants to two of its members as individuals certain rights that belong to the school district, is void or voidable as against public policy.

6. *Contracts—Cancellation.*  A school district has authority to have a contract nullified which is only voidable.

7. *Contracts—Trusts.*  In an action to cancel a contract between a school district board and two of its members as individuals, it is held that no trust relationship existed between the school district and defendants at the time the suit was brought, nor after they retired from the school board.

8.   *Contracts—Limitations.*   In an action to cancel a contract between a school district and two of its board members as individuals, it is held that the statute of limitations could not run as long as defendants were members of the board.

9.   PUBLIC POLICY—*Public Officials—Contracts.*   Public policy prohibits public officials contracting with themselves for their own benefit, and the mere fact that in a particular case such a contract involved no financial loss to the municipality, and that some of the defendants in an action to cancel the contract were innocent parties, should not lead to a relaxation of the rule.

10.   SCHOOLS—*Contract—Presumption.*   Where members of a school board and others entered into a contract with the board, both contracting members and contracting third parties are presumed to have known that public policy prohibited such contracts.

11.   ACTIONS—*Laches—Limitation of Actions.*   In an action by a school board to cancel a contract entered into with two of its members as individuals, it is held, under the facts disclosed that there was no laches in bringing the action, and that it was not barred by the statute of limitations.

*Error to the District Court of Adams County, Hon. Samuel W. Johnson, Judge.*

Mr. J. PAUL HILL, for plaintiff in error.

Mr. CARL CLINE, Mr. BRYAN L. WHITEHEAD, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by school district No. 98 of Adams county, Colorado, against N. Pomponi, T. A. Young, S. M. Bishop and other defendants, having as its object the nullification of a certain contract, which, while the defendants, T. A. Young and S. M. Bishop, were two of the three members of the school board, was entered into by the district, as party of the first part, with these two

directors and three other defendants, as parties of the second part, whereby the defendants, including Young and Bishop, were given the right to the use of a private sewer line of the plaintiff, school district, and the right to tap its water main. The defendants filed their joint answer not denying the foregoing facts, but in separate special defenses, alleged laches of the plaintiff in bringing the action, improper joinder of defendants, insufficiency of facts, and particularly, that the action is barred by what is generally spoken of by the profession as our residuary or equitable statute of limitations. Sections 6403 and 6404, C. L. 1921.

Testimony was heard. There is no dispute as to the facts. The only defense insisted upon on this review that is worthy of consideration is the statute of limitations. A school district is not strictly a municipal corporation. It is a quasi municipal corporation, being a subordinate division of the county government which has control of the public schools and school property. The same rule, however, is equally applicable to both classes of municipal or quasi municipal corporations or bodies, that one who contracts with such a body is charged with knowledge of its statutory powers and authority, and its limitations and restrictions in making contracts. *City of Colorado Springs v. Coray,* 25 Colo. App. 460–466, 139 Pac. 1031; *Sullivan, et al. v. City of Leadville,* 11 Colo. 483, 18 Pac. 736. The allegation of the complaint is that the contract is void. The only specification is that it is void under section 7994, C. L. 1921, which reads, "Whenever any officer * * * of any * * * school district * * * shall be charged with the duty of making any contract for, or on behalf * * * of any school district therein, * * * shall be obliged to pay any sum of money to any person whomsoever, and whenever any such officer, * * * shall have any vote or voice in awarding any such contract, it shall not be lawful for any such officer * * * to take or receive any part or portion of the money speci-

fied in such contract, or to be in any way, manner or degree interested in such contract, excepting in his official representative capacity.'' Although the specification of this particular section of the statute was relied upon, we do not think the plaintiff is restricted thereto, but may urge as against the contract, as it did below as the record shows, the objection that the contract is contrary to public policy and of no force and effect. The plaintiff's motion for a new trial specifically includes this ground of objection and it is one of the several errors assigned here. In view of the fact that the plaintiff school district board has charge of the public schools and the property rights of the district, we are not disposed to give a technical construction to this complaint that will operate to shield and sanction their action, when members of a school board contract with themselves and for their own benefit as individuals, even though they are joined with other defendants who are not guilty of an official dereliction of duty, but merely make a mistake as to the applicable rule of law. Possibly section 7994, treating as it does of contracts of officers of a school district which oblige them to pay money to some person, does not include a contract under which the school board receives, but does not pay out, money. The contract in question is one whereby the school board gives and grants to two of its three members as individuals, certain rights that belong to the school district. However that may be, and we do not hold that this contract is not within the purview of the section, such a contract is against public policy, and void or voidable irrespective of any statute. 24 R. C. L., page 579, § 28; 35 Cyc. page 954. This citation from Cyc. states as a general rule that it is unlawful for a member of a school board or school officer to enter into any contract on behalf of the school district in which the member has an individual interest. In 19 R. C. L., p. 1061, it is stated that since the powers of a municipal corporation (and the same

rule is applicable to school districts) are wholly statutory, every person who deals with such a body is bound to know the extent of its authority. On page 1064 the author says that there is no implied obligation to pay for a benefit received under a contract void as against public policy, if the officer, when he made the contract in behalf of the municipality, had a private interest therein. Some of the states hold that such contracts are not void but voidable. For the purpose of this case it is immaterial whether this contract is held void or voidable. After the two interested members of the board who entered into it in behalf of the school district retired from office, their successors in office have questioned by this action the rights of the defendants thereunder. If it is only voidable, the district is authorized to have it nullified.

The trial court seems to have based its decision on, or at least to have been influenced by, its finding that the school district had not been injured financially, but rather benefited, by the making of the contract. The defendants in their brief here seem to rely solely on their plea of the statute of limitations. Their theory is that the action is one involving a trust, or constructive trust relation, and that it includes both express and implied trusts; therefore, since this action was not commenced by the school district to nullify the contract within a period of five years from the time it was made it may not be maintained. We do not think so. The school board was composed of three members, two of whom acted for the district and also for themselves as individual beneficiaries of the contract. They conducted the negotiations leading up to the contract and themselves made it, as members of the school board, with themselves, as individuals, and other parties. Assuming then with the defendants that the trust relation arose and that sections 6403 and 6404 of our statute of limitations are applicable to this sort of case, we think, even on this assumption, that they do not apply to this case, under the facts. Cer-

tainly no trust relationship between the plaintiff school district and the defendants existed at the time the suit was brought, and not at all after the time that Bishop and Young retired from the school board. There never was any trust relationship between the school district and the other defendants. The statute could not run as long as Bishop and Young were school directors, and it could not begin to run until the trustees repudiated or denied the alleged trust. There is nothing in the pleadings or the record which shows that the action was not begun within the period of five years after the trust was repudiated, or that it was not begun within the period of five years after Bishop and Young retired as school directors. In disposing of this case we have already said that it is immaterial whether the contract was void at its inception, or merely voidable at the instance of the school district. In either event the judgment below was wrong. The mere fact that in this particular case no financial loss has been sustained by the school district and that the defendants, other than Bishop and Young, are innocent parties, should not lead to a relaxation of the beneficent rule of public policy, which prohibits public officers contracting with themselves and for their own benefit. These defendants, other than the former directors of the district, are presumed, equally with such members, to know that public policy will not permit directors of school districts to contract with themselves as individuals, even though third parties are interested with them in the contract. There was no laches on the part of the plaintiff in bringing suit. The action is not barred by the statute of limitations. Public policy, if not the particular statute invoked, frowns upon such transactions. The judgment of the district court is reversed, the cause remanded with instructions to that tribunal to set the same aside and enter a judgment in behalf of the plaintiff annulling the contract in question.