## No. 12,762.

PEOPLE FOR THE USE OF THE BOARD OF COUNTY COMMIS-
SIONERS OF MONTEZUMA COUNTY *v.* BROWN ET AL.

(24 P. [2d] 759)

Decided August 7, 1933.

Mr. W. BRUCE JACOBSON, Mr. S. W. CARPENTER, Mr. JOHN J. DOWNEY, for plaintiff in error.

Mr. BENJAMIN B. RUSSELL, Mr. REESE McCLOSKEY, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

Defendant Brown was treasurer of Montezuma county, and the other defendants were sureties on his bond. In an action for the use of the board of county commissioners against the treasurer and his sureties, it was alleged that Brown had failed to pay certain moneys which had come into his hands as such official. The action was dismissed and plaintiff assigns error.

It fairly appears from the allegations, and the complaint has not been answered, that at tax sales held because of nonpayment of taxes on certain real properties in enumerated years, no bids were made and certificates were issued to the county; that subsequently Brown, as county treasurer, obtained information to the effect that as to properties designated by the plaintiff redemptions were in early prospect, and making concealment thereof, and planning to profit at the expense of the county, persuaded the board to authorize him, as treasurer, to make sale of the several certificates covering the properties described for not less than stated sums, in all instances much below the amounts required to make redemption, and assign the certificates to the purchasers; that thereafter the treasurer made formal transfer of the certificates, and at the minimum prices fixed by the board, but supplied from his own funds the required amounts, and making assignments of the certificates to "dummy" purchasers, credited the county on the treasurer's cash book with what in the circumstances narrated he had paid, retained the certificates until redemptions were made by the various owners, and appropriated to his own use the sums collected from them, the whole, besides interest, aggregating $1,385.73 in excess of the total sum credited as stated, and for which the treasurer accounted.

The allegations that sale of the certificates was authorized by the board at the instance and request of Brown, who, through information coming to him by virtue of his

official position, but not disclosed to the board, knew that the several owners of the properties were about to make redemption, were met by motions to make more definite and certain. Disposing of the motions, the court ordered "that plaintiff shall set forth clearly and definitely the specific facts upon which it is claimed that the owner of said property was about to redeem by payment in full and would actually have redeemed, and when, so as to set forth by issuable facts the basis upon which it is claimed the county was damaged; and also to set forth and by definite statement what information or facts had been received by and were known to said Brown, and when and how obtained, as nearly as may be; and also to set forth and show clearly and definitely how and in what manner and by what representations or acts defendant Brown procured or caused or induced the board to adopt the resolution." Refusal of plaintiff to amend as directed and election to stand on the complaint, resulted in the judgment to which error is assigned.

We think the court erred in sustaining the motions and entering the judgment. Plaintiff charged with sufficient certainty, that Brown knew redemptions were to be made, and without making disclosure to the board of county commissioners, induced that body to make an order authorizing him to sell tax certificates on properties about to be redeemed. The details contemplated in the court's ruling, assuming their materiality, would be but evidence of ultimate facts already appearing, to plead which would be subversive of recognized rules of pleading. *Reorganized Catlin Co. v. Hinderlider,* 80 Colo. 522, 253 Pac. 389; *Adams Express Co. v. Aldridge,* 20 Colo. App. 74, 77 Pac. 6; *Commonwealth Co. v. Nunn,* 17 Colo. App. 117, 67 Pac. 342.

In the interest of expedition we are disposed to act on the suggestion of counsel that plaintiff's pleading be examined as though challenged by general demurrers. We think the complaint might have been more

simply drawn than was the conception of counsel for plaintiff, and perhaps the story of Brown's alleged scheme to defraud the county would more fitly have constituted a replication to what would necessarily have been the answer of the defendants, if they essayed to answer, to a plain complaint charging failure to account for designated items. Still, since the gravamen of the complaint as drawn is that Brown, while treasurer, speculated in tax certificates belonging to the county, and took unto himself the difference between what he paid for the certificates and the amounts that, as treasurer, he received from property owners making redemptions, it seems reasonable to hold that despite the unnecessary particularity indulged by plaintiff and the anticipatory character of some of the allegations, a cause of action was stated. Brown was a minister of the law, bound by his oath and every canon to be disinterested in the discharge of his official duties. On the record he did not serve with an eye single to the public weal. Pretending that what he recommended to the board would enable him to sell designated tax certificates to the advantage of the county, and public policy would frown upon any claim that he urged it on any other hypothesis, he took advantage of the favorable action of the board to work his own enrichment and the county's undoing. A county treasurer is not permitted to be interested in tax sales, and dealings in the nature of those charged here are void. *Sponable v. Woodhouse,* 48 Kan. 173, 29 Pac. 394; *Coughlin v. Holmes,* 53 Wash. 692, 102 Pac. 772. A public official may not contract with himself to his own profit. *School District v. Pomponi,* 79 Colo. 658, 247 Pac. 1056. It follows that what the treasurer allegedly attempted here did not effect any change as to the rights of the county to the funds realized from the redemptions, and Brown, as treasurer, should account therefor. And as his bondsmen, the other defendants, formally undertook to be responsible for "all moneys which shall come

into his hands as such treasurer," they too are bound to respond. Murfree on Official Bonds, 319, 699.

The judgment is reversed. Let the motions discussed in the opinion be considered as demurrers for want of facts and overruled, and defendants ruled to answer.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE BOUCK concur.