[No. 25332. Department One. May 6, 1935.]

CATHERINE E. EMPEY, *Appellant*, v. EARL YOST *et al.*, *Respondents.*[1]

[1]Reported in 44 P. (2d) 774.

*W. Lon Johnson,* for appellant.

*Wentz & Bailey* and *F. Leo Grinstead,* for respondents.

GERAGHTY, J.—The plaintiff in this case sought to set aside a tax deed issued by the treasurer of Stevens county to the defendant.

She resided in Spokane and had, for several years prior to the sale, owned the land here involved, lying in Stevens county—a tract of one hundred and sixty acres, fifty acres being under cultivation. She had permitted the taxes to become delinquent for six years, and while in her complaint she recites circumstances tending to extenuate her default, these circumstances, as well as her testimony at the trial detailing her effort to pay the taxes, are not pertinent to the issues, since the taxes were properly levied, were not paid by her, and the sale was lawfully conducted in all respects, save for the alleged disqualification of the defendant to become a purchaser.

The court resolved the issues in favor of the defendant, and judgment was entered dismissing the action. The plaintiff appeals.

The question calling for solution here is whether the respondent was, at the time of his purchase of the land, an employe of Stevens county within the meaning of Rem. Rev. Stat., § 11281 [P. C. § 6882-120], which provides:

". . . that no county officer or employee shall directly or indirectly be a purchaser of such property at such sale."

The respondent was employed by Stevens county in the repair and maintenance of its roads from the month of April, 1931, to the end of the year 1933. His employment was not continuous in the sense that he was on duty every working day of the period. He was paid four dollars a day, and the pay rolls in the record, prepared by himself, show that he worked eighty-six days in 1931, a total of two hundred and ten days in 1932, and approximately the same number of days in 1933. In his testimony, he referred to his employment as day labor, although he reported his time to the county as foreman. But he could well have assumed this title merely for the purpose of certifying his pay roll. What title he bore is not important, nor the manner of his payment, whether by the day or month.

The tax sale was held on Saturday, October 15, 1932. He worked on the county roads on the fourteenth and several days in October preceding that date. On the fifteenth, he did not work, but went to Colville to bid in the land at the tax sale. He did not work the next day, Sunday, nor Monday, but returned to work on Tuesday, the eighteenth. He worked, altogether, eighteen days in the month of October and eighteen days in the succeeding month of November and nineteen days in December. In March, April, May, June and July, 1932, he was employed most of the working days, and in September he worked thirteen and one-half days. Respondent contends that he was not an employee, since his work was by the day and intermittent; that his relation to the county ceased with each day's work, and that he was not at all employed by the county on the day of the sale, nor for two days thereafter.

The statute uses the word "employee" in its ordinary dictionary sense. It has been said that the word has neither technically nor in general use a restricted meaning by which any particular employment or ser-

vice is indicated, and that it may have different meanings in different connections. The context and the connection in which it is used must largely determine whether in a particular case the term includes a certain person. 20 C. J. 1242.

"But whatever meaning may be lexically imputed to the word 'employe,' and whatever differences of meaning may arise when the word is used in different relations and connections, the safe mode of interpreting the word, as used in this statute, is to take into the account the cause for the passage of the act, so far as it may be ascertained, and the evil sought by the act to be remedied." *People v. Buffalo,* 11 N. Y. Supp. 314.

The statute here involved is remedial in character, intended to correct an evil practice, and broadly inclusive in its terms. It is to be liberally construed in aid of its manifest purpose. In the absence of any statute, this court, in *Coughlin v. Holmes,* 53 Wash. 692, 102 Pac. 772, set aside a tax deed issued to the wife of a deputy in the county treasurer's office, upon the ground that the sale was against public policy. If the legislature intended to limit the inhibition to county officials and to their deputies, it would have said so. But instead of using the restrictive word "deputy," it used the broader and more inclusive word "employee."

It may be conceded that a casual employee of the county would not fall within the inhibition; but the respondent was not a mere casual employee. His relation to the county was as definite and continuous as the character of the work permitted. The county pay rolls in evidence show a consistent course of employment for a considerable time before and after the tax sale. He evidently had an established relation to the county

road maintenance, and when work was to be done, he was called upon to do it.

The fact that he was not working or drawing pay on the day of the purchase would not, of itself, take him without the statute, if he was otherwise an employee within its terms. It would not be contended that a regular deputy in one of the county offices could defeat the purpose of the statute by suspending or resigning his employment for the day of a tax sale and resume his duties in a day or two thereafter.

It may be that respondent's employment and his relation to the county were not such as would give him any advantage as a purchaser at the tax sale, but the law was not meant for particular cases, but, broadly, to remove all possibility for temptation or suspicion of favoritism. The right of the legislature to pass a restrictive law of this character is not questioned.

We are of the opinion that the respondent was an employee within the terms of the statute and disqualified to purchase at the sale, and that his purchase was invalid.

But the respondent contends that the appellant could not maintain her action, because she had not made the tender required by Rem. Rev. Stat., § 955 [P. C. § 8074]. She made a tender of the full amount of taxes, interest, penalties and costs for which the land had been sold to respondent.

It appears that the respondent, in July, 1933, paid $52.88 for taxes levied for the year 1932. This levy was made subsequent to the purchase, and the sum paid by respondent was in addition to the amount paid the county at the sale. The respondent contends that this payment made on account of the current taxes, as well as the amount paid at the time of sale, should have been tendered before the institution of the suit. The appellant did make a tender of the additional

amount at the time of the trial, but we think this phase of the case is controlled by Rem. Rev. Stat., § 956 [P. C. § 8075], which provides that

". . . when the action is for the recovery of lands or other property sold for taxes against the person or corporation in possession thereof, that all taxes, penalties, interest, and costs paid by the purchaser at tax sale, his assignees or grantees, have been fully paid or tendered, and payment refused."

*McManus v. Morgan*, 38 Wash. 528, 80 Pac. 786, so holds, the court saying:

"The statute in relation to cases of this character provides that when the action is for the recovery of lands or other property sold for taxes, the complaint must state 'that all taxes, penalties, interest, and costs paid by the purchaser at tax sale, his assignees or grantees, have been fully paid or tendered and payment refused.' Bal. Code, § 5679. It will be noticed that the language of the complaint follows substantially the language of the statute. Under the rule that all reasonable intendments shall be made in favor of the pleading, we think it sufficiently appears that all taxes, penalties, etc., have been tendered and payment refused. *Chambers v. Hoover,* 3 Wash. T. 107, 13 Pac. 466; *Harris v. Halverson,* 23 Wash. 779, 63 Pac. 549.

"It was not necessary in a case like this that the tender should be paid into court. The statute does not expressly require it. This is not an action at law to recover money, but is an action in equity, where the court will only grant the relief prayed for upon condition that the plaintiff will pay the full amount of taxes, penalties, interest, and costs which were paid by the purchaser at the original sale, and also all taxes, with interest, paid by the purchaser or his assignee since the sale, and will generally grant equitable relief."

The judgment is reversed, and the case remanded to the trial court with direction to enter judgment in favor of the appellant in accordance with the prayer of her complaint, upon her payment to the clerk of the court, to the credit of appellant, of the amount paid

by respondent for the purchase of the land and subsequent taxes, with interest at the legal rate.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.

