The NATIONAL WILDLIFE FEDERA-
TION, The Colorado Wildlife Federa-
tion, Michael Keplinger, and Citizens
for Safe Energy, Plaintiffs-Appellants,

v.

The COTTER CORPORATION,
Defendant-Appellee,

and

Dr. Frank Traylor, in his capacity as Exec-
utive Director of the Colorado Depart-
ment of Health, and Albert Hazle, in his
capacity as Director of Radiation and
Hazardous Wastes Control Division of
the Colorado Department of Health, and
Gary Broetzman, in his capacity as Di-
rector of the Water Quality Control Di-
vision of the Colorado Department of
Health, Defendants-Cross-Claimants-Ap-
pellants.

Nos. 80CA1180, 80CA1206.

Colorado Court of Appeals,
Div. II.

Oct. 15, 1981.

Rehearing Denied Oct. 15, 1981.

Certiorari Granted Jan. 25, 1982.

Luke J. Danielson, Robert J. Golten,
Boulder, for plaintiffs-appellants.

Holme, Roberts & Owen, A. Edgar Ben-
ton, Richard L. Schrepferman, Edmond F.
Noel, Jr., Denver, for defendant-appellee.

J. D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Richard L. Griffith, Asst. Attys.
Gen., Denver, for defendants-cross-claim-
ants-appellants.

VAN CISE, Judge.

In this action involving the disposition of
uranium mill wastes by defendant Cotter
Corporation, the court dismissed the plain-
tiffs' amended complaint and the State de-
fendants' cross-claim for failure to join an
indispensable party. They appeal. For dif-
ferent reasons, we affirm as to plaintiffs'

complaint, reverse as to the State defendants' cross-claim.

Cotter has operated a uranium mill near Canon City, Colorado, since 1958. In 1977, Cotter began construction of a new mill and a new facility for disposal of the tailings.

To enable it to operate its new mill and tailings facility, Cotter applied for a number of licenses and permits from various governmental entities. These included applying for an amendment to the existing radioactive materials license from the Radiation and Hazardous Wastes Control Division (the Radiation Division) of the Colorado Department of Health, pursuant to the Radiation Control Act, § 25–11–101 et seq., C.R.S. 1973. It also applied to the Fremont County Board of County Commissioners (the County) for a certificate of designation for the tailing impoundment as a solid waste disposal facility, pursuant to the Solid Wastes Disposal Sites and Facilities Act, § 30–20–101 et seq., C.R.S. 1973. After a joint public hearing in May 1979 held by the Department of Health and the County, the Radiation Division issued an amended radioactive materials license in August, and the County issued a certificate of designation in September 1979. Cotter then began operation of its new facility.

Plaintiffs informed the Water Quality Control Division (Water Division) of the State Department of Health that Cotter was operating a hazardous solid waste disposal site without having obtained an underground disposal permit from the Water Division as required by the Water Quality Control Act, § 25–8–505, C.R.S. 1973 (the 505 permit). The Water Division determined that such a permit was unnecessary. Plaintiffs then brought the present action.

In their amended complaint, plaintiffs sought (1) an injunction preventing Cotter from further use of its new tailings impoundment until it complies with § 25–8–505, C.R.S. 1973, (2) a mandatory injunction directing the State defendants to take the necessary steps to prevent further use of the impoundment until Cotter complies with § 25–8–505, C.R.S. 1973, (3) a judgment declaring that the State and the Radi-

ation Division unlawfully issued the amended radioactive materials license and that that license is void, and (4) an injunction against further deposits of mill wastes by Cotter into its impoundment until a valid license for such facility is issued. The State defendants subsequently changed their position and administratively ordered Cotter to apply for a 505 permit. On Cotter's refusal, these defendants cross-claimed for both a preliminary and a mandatory injunction requiring Cotter to comply with their order, pursuant to § 25–8–607, C.R.S. 1973.

Cotter moved to dismiss the plaintiffs' amended complaint and the State defendants' cross-claim on the basis that the County, an indispensable party, had not been joined. The motion was granted. This appeal followed.

I

■ Plaintiffs and the State defendants contend that the trial court erred in finding that the County was indispensable and in dismissing the action for failure to join it as a party. We agree.

Cotter argues that the County was a party at the joint hearing in May 1979 concerning both the radioactive materials license and the certificate of designation and, therefore, pursuant to § 24–4–106(4), C.R.S. 1973, had to be made a party to the review proceedings. That does not follow.

Plaintiffs have not challenged the validity of the certificate of designation issued by the County. This is a county matter under § 30–20–101 et seq., C.R.S. 1973. However, the County has nothing to do with the other permits, licenses, and approvals which a business dealing with radioactive waste must obtain. And, it is with two of these other permits and licenses with which this case is concerned. Both are responsibilities of the Colorado Department of Health, not of the County.

There are no parties indispensable to this action which have not already been joined.

II

■ In support of its position that the result reached by the trial court—dismissal

of the action—was correct, Cotter contends that the plaintiffs lack standing to bring a private action to enforce the Radiation Control Act or the Water Quality Control Act. We agree.

*California v. Sierra Club*, 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981) is the latest case on, and is persuasive of, this issue. In that case, the Sierra Club sought injunctive relief to enjoin further operation of the California Water Project until § 10 of the Rivers and Harbors Appropriations Act of 1899 was complied with by obtaining consent from the Army Corps of Engineers. Plaintiffs in the instant case seek similar relief in their attempt to enjoin operation of Cotter's mill and tailings facility until it obtains a 505 permit and a proper radioactive materials license from the two divisions of the Department of Health in compliance with the Radiation Control and the Water Quality Control Acts.

The court in *California v. Sierra Club, supra*, concluded that "Section 10 of the Rivers and Harbors Act is the kind of general ban which carries with it no implication of an intent to confer rights on a particular class of persons" and that "the language of the statute and its legislative history do not suggest that the Act was intended to create federal rights for the especial benefit of a class of persons but rather was intended to benefit the public at large through a general regulatory scheme to be administered by the then Secretary of War." The same analysis is applicable in the instant case. Neither statute contains a private enforcement mechanism. Both are for the protection of the general public through a clearly established regulatory scheme under which the Health Department divisions involved, through the attorney general or the district attorney, are given enforcement powers to handle violations. Section 25–11–106, C.R.S. 1973 (1980 Cum. Supp.); §§ 25–8–601 to 25–8–612, C.R.S. 1973.

For lack of standing in the plaintiffs to bring a private action to enforce either Act, dismissal of the plaintiffs' amended complaint was proper. Having so concluded, we do not address the other arguments against standing which are merely cumulative, including plaintiffs' failure to allege injury in fact and certain plaintiffs' lack of capacity to sue.

### III

The State defendants' cross-claim is, in effect, a separate action in which the Water Division of the Department of Health seeks a preliminary and a mandatory injunction requiring Cotter to comply with the Division's order to apply for a 505 permit. All of the indispensable parties, and even some unnecessary parties (such as Traylor and Hazle), are before the court. Hence, the dismissal of the cross-claim was improperly entered.

The judgment dismissing the amended complaint is affirmed. The judgment dismissing the cross-claim is reversed, and the cause is remanded for further proceedings.

ENOCH, C. J., and KELLY, J., concur.

### ON PETITION FOR REHEARING

In their petition for rehearing, plaintiffs argue that the court's determination that they lack standing here to assert claims under the Water Quality Control Act and the Radiation Control Act overlooked their standing as persons adversely affected or aggrieved by agency action under the Colorado Administrative Procedure Act (APA), § 24–4–101 et seq., C.R.S. 1973.

We need not decide whether the APA opens the door as widely as advocated by plaintiffs. Here, the plaintiffs did not seek judicial review under the APA, since the action was not commenced until November 15, 1979, and not within the 30 day mandatory time period therefor. Section 24–4–106(4), C.R.S. 1973 (1980 Cum. Supp.).

We adhere to our original position that plaintiffs lack standing to bring this action, and that the dismissal as to them was proper.

The petition for rehearing is denied.