**BERKELEY METROPOLITAN DISTRICT, Plaintiff-Appellee and Cross-Appellant,**

v.

**George R. POLAND, a/k/a Geo. R. Poland, Defendant-Appellant and Cross-Appellee.**

**No. 84CA0199.**

Colorado Court of Appeals, Div. I.

March 21, 1985.

Rehearing Denied April 18, 1985.

Certiorari Denied Sept. 30, 1985.

Sonheim, Helm & Less, Robert Sonheim, Richard M. Williams, Arvada, for plaintiff-appellee and cross-appellant.

Stitt, Wittenbrink & Nieman, P.C., James R. Stitt, Daniel F. Collopy, Westminster, for defendant-appellant and cross-appellee.

BABCOCK, Judge.

Defendant, George R. Poland (Poland), appeals from the summary judgment entered in favor of plaintiff, Berkeley Metropolitan District (the district), a water and sanitation district, on its complaint to recover compensation and expenses paid to Poland as a consultant during his tenure as a member of the district's board of directors (the board). The district cross-appeals the trial court's denial of its claim against Poland for mileage expenses and expense account items for which he was reimbursed, and asserts that the trial court erred in its assessment of interest on the judgment. We reverse the denial of mora-tory interest and affirm in all other respects.

The parties agree as to the facts. Poland, a board member, received compensation for services actually rendered as a "consultant" to the board from July 1972 to February 1982. He admits that he was both a member of the board and a paid consultant during the period in question. He does not dispute the amount received during this period in excess of that specified in § 32–4–110(3), C.R.S. The district agrees that all payments made to Poland were authorized by the board.

I.

The district contends that the agreement between Poland and the board and all payments made as a result of this agreement were illegal because they were in violation of § 32–4–110(3), C.R.S. Thus, the district asserts that it is entitled to receive reimbursement from Poland. Poland contends that repeal of this statute results in an absence of statutory basis for the district's action commenced January 21, 1983. We agree with the district.

Section 32–4–101, et seq., C.R.S., repealed July 1, 1981, governed specifically water and sanitation districts. Section 32–4–110(3), C.R.S., provided that:

"Each member of the board may receive as compensation for his service a sum not in excess of six hundred dollars per annum, payable at the rate of twenty-five dollars per meeting. No member of the board shall receive any compensation as *an employee of the district or otherwise,* other than that provided in this section, and no member of the board shall be interested in any contract or transaction with the district except in his official representative capacity." (emphasis added)

The general savings clause set forth in § 2–4–303, C.R.S. (1980 Repl.Vol. 1B) provides in pertinent part that:

"The repeal ... of any statute ... shall not have the effect to release, extinguish, alter, modify, or change in whole or in part any ... liability ... which shall

have been incurred under such statute, unless the repealing ... act so expressly provides, and such statute ... so repealed ... shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings ... for the enforcement of such ... liability, as well as for the purpose of sustaining any judgment ... which can or may be rendered, entered, or made in such actions, suits, proceedings ... imposing ... such ... liability."

■ Payments received by Poland while a board member in excess of the statutory limits constituted compensation received as "an employee of the district or otherwise." As such they were illegal. Thus, he became civilly liable to the district therefor. *See Neisius v. Henry*, 142 Neb. 29, 5 N.W.2d 291 (1942).

■ Colo.Sess.Laws 1981, ch. 382 at 1628, which repealed §§ 32–4–101 and 32–4–103, C.R.S., contained no provision extinguishing liability incurred under § 32–4–110(3), C.R.S. Therefore, we hold that pursuant to § 2–4–303, C.R.S. (1980 Repl.Vol. 1B), Poland's civil liability was not extinguished, altered, modified, or changed by the repeal. *See Noe v. Dolan*, 197 Colo. 32, 589 P.2d 483 (1979); *In re Claim of Stark v. Zimmerman*, 638 P.2d 843 (Colo.App. 1981).

■ Moreover, Colo.Sess.Laws 1981, ch. 382 § 32–1–902 at 1586, effective July 1, 1981, governing directors of special districts generally, contains prohibitory language substantially similar to § 32–4–110(3), C.R.S. We also conclude that this general statutory prohibition was effective to render illegal any excess payments made after its effective date.

■ Finally, absent statutory liability, common law supports the trial court's judgment. Public policy forbids public officers from contracting with themselves for their own benefit. *School District No. 98 v. Pomponi*, 79 Colo. 658, 247 P. 1056 (1926). It is presumed that such officials know of this public policy. *School District No. 98 v. Pomponi, supra; People ex rel. Commissioners v. Brown*, 93 Colo. 182, 24 P.2d 759 (1933).

## II.

Poland next contends that the six-year statute of limitations bars the district's claim for monies paid before 1977. *See* § 13–80–110, C.R.S. We disagree.

■ A statute of limitations does not run against a public entity unless the statute specifically so provides or unless it does so by necessary implication. *Hinshaw v. Department of Welfare*, 157 Colo. 447, 403 P.2d 206 (1965); *State v. Estate of Griffith*, 130 Colo. 312, 275 P.2d 945 (1954). Here there is no specific provision that would make the six-year statute of limitations applicable against a public entity. Nor will we extend the application of this statute to the facts of this case by necessary implication. *See State v. Estate of Griffith, supra*.

■ Furthermore, even if the statute of limitations were applicable it would not begin to run as long as Poland was a board member and until the illegal contract was repudiated. *See School District No. 98 v. Pomponi, supra*. Thus, the statute of limitations did not begin to run until Poland left the board in February 1982 and repudiation of the illegal contract by the district in mid-1982.

## III.

■ Poland also argues that the district is estopped from asserting its claims against him because it has ratified the board's decision to compensate him in an amount in excess of that provided by statute. Again, we disagree.

Although the record indicates that the position of "consultant" was offered to Poland by other members of the board and that he never voted in connection with that position or concerning salary determination, the funds received were public monies paid in violation of the statutory prohibition. As a result, the board members violated their statutory and fiduciary duty in

entering into the illegal contract with Poland. Thus, as a matter of law, the district cannot ratify this illegal agreement and is not estopped from bringing this action for the benefit of its taxpayers. *See Neisius v. Henry, supra.*

IV.

 Finally, Poland asserts that it would be inequitable to require restitution of monies he received for services rendered to the district. Once again we do not agree.

Although, in *Normandy Estates Metropolitan Recreation District v. Normandy Estates Ltd.*, 191 Colo. 292, 553 P.2d 386 (1976), a private corporation was awarded recovery from a metropolitan recreational district on equitable terms, that decision was limited in its application.

"We note, however, that the recovery authorized by this decision is a limited one. The party dealing with the municipal entity must have acted in good faith ... and the contract must be one not positively condemned by law, as distinguished from one which is merely invalid because of want of power to contract or because statutory procedure was not followed in its making...."

We conclude that this rule is inapplicable to the facts of this case. *See F.J. Kent Corp. v. Town of Dillon*, 648 P.2d 669 (Colo.App.1982). Unlike in *Normandy*, the district here did not have authority to contract with a board member. Rather, the agreement between Poland and the board was one positively condemned by law. The violation of the statute constitutes conduct contrary to the public policy which prohibits self-dealing by a public official and creates either a conflict of interest or the appearance of impropriety. And, the record establishes that Poland did not seek equity with "clean hands" because he knew of the statutory prohibition.

V.

The district, as cross-appellant, argues that it is entitled to recover monies received by Poland for mileage and expenses. It also argues that it is entitled to recover additional interest as damages beyond those awarded by the trial court. We disagree in part and agree in part.

 As to the mileage and other expenses, the district failed to establish which expenses were incurred illegally by Poland as a consultant for the district and which were incurred legitimately by him as board president. Therefore, the trial court did not err in denying this claim.

 However, we hold that the trial court erred in denying moratory interest on the public funds illegally received by Poland and wrongfully withheld from the district. *See Acme Delivery Service, Inc. v. Samsonite Corp.*, 663 P.2d 621 (Colo.1983); *Prospero Associates v. Redactron Corp.*, 682 P.2d 1193 (Colo.App.1983). *Davis Cattle Co. v. Great Western Sugar Co.*, 544 F.2d 436 (10th Cir.1976).

The judgment of the trial court denying an award of moratory interest on the illegal compensation received by Poland is reversed. The cause is remanded with directions to compute moratory interest on the compensation received by Poland annually from the date of receipt. The judgment is affirmed in all other respects.

PIERCE and SMITH, JJ., concur.