883 P.2d 592 (1994)
Warren H. GIBBS, Plaintiff-Appellant,
v.
COLORADO MINED LAND RECLAMATION BOARD, Division of Minerals and Geology, formerly The Colorado Mined Land Reclamation Division, Michael Long, in his capacity as Director, Division of Minerals and Geology, formerly The Colorado Mined Land Reclamation *593 Division; Colorado Department of Natural Resources; The Division of Central Services, Central Collection Service as Agent for The State of Colorado, Department of Natural Resources, Defendants-Appellees.
No. 93CA1026.
Colorado Court of Appeals, Div. III.
September 8, 1994.
Younge & Hockensmith, P.C., Earl G. Rhodes, Grand Junction, for plaintiff-appellant.
Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for defendants-appellees.
Opinion by Judge JONES.
Plaintiff, Warren H. Gibbs, appeals the dismissal of his "counterclaim" against defendants, Colorado Mined Land Reclamation Board, Division of Minerals and Geology (board), Michael Long, in his capacity as Director of the Division of Minerals and Geology, and the Department of Natural Resources, the Division of Central Services, Central Collection Service (Service) as agent for the State of Colorado. We affirm.
This action arose when, following a hearing in June 1991, the board found that plaintiff was conducting a mining operation without a permit. The board ordered plaintiff to cease *594 mining operations, submit a financial warranty in the amount of $5,000, and pay $3,220 in civil penalties. Plaintiff neither complied with this order, nor did he seek judicial review of it.
In December 1992, the Service, on behalf of the State of Colorado, filed suit in the Ouray County Court seeking enforcement of the board's order against plaintiff. In its complaint, the Service requested payment of the financial warranty and the civil penalty assessed by the board against plaintiff, but did not request injunctive relief with respect to the order to cease mining operations.
Plaintiff filed an answer in county court. Pursuant to the procedure then in effect, as set forth in C.R.C.P. 313(b)(1), but before C.R.C.P. 313 was twice amended, effective July 1, 1993 and January 1, 1994, to change that procedure, he also filed a counterclaim in the Ouray County District Court in which he sought judicial review of the board's order. He also alleged, in the form of a defense to the enforcement proceeding, that the proceeding to enforce was barred by a statute of limitations. In the meantime, in his answer to the county court complaint, plaintiff requested, pursuant to C.R.C.P. 313(b), that the Service's case be transferred from county court to district court and joined with the action that he had filed in district court.
The case was transferred from county court to district court. Thereafter, the Service filed a motion to dismiss plaintiff's counterclaim and to remand the case to county court on the grounds that plaintiff was barred from seeking judicial review of the board's order because he had failed to seek review of the final board order within the thirty-day time limit specified by statute. The district court granted the Service's motion to dismiss and remanded the case to county court on the basis that it did not have jurisdiction to consider plaintiff's counterclaim because plaintiff had failed to seek timely judicial review. Plaintiff now appeals the district court's dismissal and remand of his counterclaim.

I.
Plaintiff contends that the district court erred in dismissing his counterclaim on grounds that, pursuant to § 24-4-106(4), C.R.S. (1988 Repl.Vol. 10A), he failed to seek judicial review of the board's order within thirty days after it became effective. He asserts that his counterclaim was brought pursuant to § 24-4-106(3), C.R.S. (1988 Repl. Vol. 10A), and he maintains that actions under this provision of the statute are not subject to the thirty-day time constraint set forth in § 24-4-106(4). He argues that the thirty-day limit axiom applies only to actions for review of a final agency action under § 24-4-106(2), C.R.S. (1988 Repl.Vol. 10A), and does not apply to review of an agency enforcement action under § 24-4-106(3). We do not agree.
Section 24-4-106, C.R.S. (1988 Repl.Vol. 10A) provides, in relevant part, as follows:
(1) In order to assure a plain, simple, and prompt judicial remedy to persons or parties adversely affected or aggrieved by agency actions, the provisions of this section shall be applicable.
(2) Final agency action under this or any other law shall be subject to judicial review as provided in this section....
(3) An action may be commenced in any court of competent jurisdiction by or on behalf of an agency for judicial enforcement of any final order of such agency. In any such action, any person adversely affected or aggrieved by such agency action may obtain judicial review of such agency action.
(4) Except as provided in subsection (11) of this section, any person adversely affected or aggrieved by any agency action may commence an action for judicial review in the district court within thirty days after such agency action becomes effective....
Plaintiff's counterclaim alleges, inter alia, that he is entitled to judicial review of the agency action resulting in the board's final order and that the board's actions constitute a denial of due process. Plaintiff's claims are, thus, brought pursuant to both § 24-4-106(2) and § 24-4-106(3), and the question is whether both of these provisions are subject to the time limitation set forth in § 24-4-106(4).
*595 In determining the meaning of a statute, our primary goal is to ascertain and give effect to the intent of the General Assembly. If possible, we must determine that intent from the plain meaning of the statute, construing it as a whole and giving effect to all its parts. City of Lakewood v. Mavromatis, 817 P.2d 90 (Colo.1991).
Our reading of the statute reflects that § 24-4-106(2) provides that judicial review is available in response to a final agency action, while § 24-4-106(3) provides that such review is available to a person adversely affected or aggrieved by an agency action when the agency seeks judicially to enforce the final agency order. Construing the statute as a whole, we conclude that § 24-4-106(4) sets forth a time limit for bringing an action for judicial review of "any agency action," whether it is review of a final agency action pursuant to § 24-4-106(2) or review of a final agency action in the course of an agency enforcement proceeding pursuant to § 24-4-106(3). Hence, under both § 24-4-106(2) and § 24-4-106(3) any person affected or aggrieved by the agency action is subject to the time constraints set forth in § 24-4-106(4).
We note further that, in Obert v. Colorado Department of Social Services, 766 P.2d 1186, 1191 (Colo.1988), cert. denied 490 U.S. 1116, 109 S.Ct. 3178, 104 L.Ed.2d 1039 (1989), our supreme court, quoting from Edwards v. McMahon, 834 F.2d 796 (9th Cir. 1987), stated: " `Any' means without restriction or limitation." Thus, the General Assembly intended broadly that all agency actions referred to in § 24-4-106(2) and § 24-4-106(3) be subject to the time constraints provided in § 24-4-106(4).
Pursuant to § 24-4-106(4), failure to seek review of an agency action within thirty days of the date the action becomes effective renders a court without jurisdiction to review the matter. Jefferson County School District R-1 v. Division of Labor, 791 P.2d 1217 (Colo.App.1991). Consequently, a complaint for judicial review of an agency action or for review of a final agency action in the course of an agency enforcement proceeding filed after the thirty-day time period set forth in § 24-4-106(4) is subject to dismissal, and such dismissal will be upheld upon review. Cheney v. Mined Land Reclamation Board, 826 P.2d 367 (Colo.App.1991); Natural Wildlife Federation v. Cotter Corp., 646 P.2d 393 (Colo.App.1981).
Accordingly, here, the district court properly concluded that it was without jurisdiction to consider plaintiff's claims for judicial review of the agency action resulting in the board's final order under § 24-4-106(2), or for review of the final agency action in the course of the enforcement proceeding under § 24-4-106(3), because plaintiff failed to file them within thirty days of that final action. Thus, plaintiff's claims for review of the agency action resulting in the board's final order were properly dismissed.

II.
Plaintiff also contends that the district court erred in concluding that he could not present a defense to the proceeding for enforcement of the board's final order pursuant to § 24-4-106(3) on grounds that it was without jurisdiction to consider the defense because it was not asserted within the thirty-day time limit set forth in § 24-4-106(4). We agree that plaintiff should not have been barred from presenting a defense, but reject the defense asserted.

A.
Plaintiff's assertion that the enforcement proceeding is barred by a statute of limitations is a proper defense to the validity of the enforcement proceeding. Thus, we agree with plaintiff's contention that the district court erred in dismissing his defense only on the grounds that it lacked jurisdiction to consider it. However, we decline to remand the cause to the district court as to this defense because it lacks merit as a matter of law.

B.
Plaintiff further asserts that the district court erred in remanding this action to the county court for enforcement of the administrative judgment because the state is subject to the provisions of § 13-80-103(1)(d), *596 C.R.S. (1987 Repl.Vol. 6A), which provides a one-year statute of limitations for "all actions for any penalty or forfeiture of any penal statute." He argues that this statute of limitations bars the enforcement of the board's order by the state. We disagree.
In support of his argument that a statute of limitation runs against the state, plaintiff cites Colorado Springs v. Timberlane Associates, 824 P.2d 776 (Colo.1992), wherein our supreme court held that statutes of limitation run against local governments, except when the General Assembly expressly authorizes to the contrary. However, plaintiff's argument has been rejected by a division of this court in Grogan v. Taylor, 877 P.2d 1374 (Colo.App.1993) (cert. granted on other grounds August 8, 1994).
The Grogan court held that, because our supreme court, in Timberlane, did not address whether statutes of limitation run against the state, the rule that a statute of limitation does not run against the state, unless the statute specifically or by necessary implication so provides, remains applicable. See Berkeley Metropolitan District v. Poland, 705 P.2d 1004 (Colo.App.1985).
Section 13-80-103(1)(d) does not specifically or by necessary implication provide that the limitations set forth therein run against the state. Accordingly, as a matter of law, this provision does not bar the state's enforcement action against plaintiff here.

III.
Plaintiff's final contention is that the district court erred in remanding this matter to the county court because the district court has exclusive jurisdiction to consider a judicial enforcement action. This contention is without merit.
Section 24-4-106(3) specifically provides that an action may be commenced "in any court of competent jurisdiction by or on behalf of any agency for judicial enforcement of any final order of such agency."
Pursuant to § 13-6-104(1), C.R.S. (1993 Cum.Supp.), the county court has "concurrent original jurisdiction with the district court in civil actions, suits, and proceedings in which the debt, damages, or value of the personal property claimed does not exceed ten thousand dollars," and "[t]he county court shall also have jurisdiction of counterclaims in all such actions when the counterclaim does not exceed ten thousand dollars."
Specific exceptions to the county courts' broad jurisdiction are set forth in § 13-6-105, C.R.S. (1987 Repl.Vol. 6A). To the extent that the General Assembly has not excepted enforcement of agency actions from the county courts' jurisdiction, those courts are courts of competent jurisdiction to enforce state agency actions, such as the order here, imposing monetary penalties in the nature of a "debt [or] damages" to be collected.
We reject plaintiffs's argument that State ex rel. Colorado Department of Health v. I.D.I., 642 P.2d 14 (Colo.App.1981) compels a different conclusion. In I.D.I., a division of this court held that the probate court lacked jurisdiction in an action to enforce a final agency order. While dictum in I.D.I., refers to the "exclusive jurisdiction" of the district court in such actions, the issue of possible concurrent jurisdiction of the county court was not addressed.
Accordingly, the county court here is a court of competent jurisdiction for judicial enforcement of a final agency order, and the Service, therefore, properly commenced this action to enforce the board's order in the county court.
The judgment of the district court dismissing plaintiff's counterclaim and its order remanding the cause to county court are affirmed.
PLANK and KAPELKE, JJ., concur.