489 P.2d 355 (1971)
Charles W. HOFFMAN, Plaintiff in Error,
v.
The CITY OF FORT COLLINS, Colorado, et al., Defendants in Error.
No. 71-250, (Supreme Court No. 24530.)
Colorado Court of Appeals, Div. II.
October 5, 1971.
Gerash & Kaiser, Joseph Saint-Veltri, Denver, for plaintiff in error.
Arthur E. March, A. E. March, Jr., John-David Sullivan, Fort Collins, for defendants in error.
Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The City of Fort Collins (City) is a Home Rule municipal corporation. Its city charter does not provide for a civil service system. The charter places authority in the city manager for hiring and firing police department personnel. There are no provisions in the charter for hearing or review of dismissals ordered by the city manager. Plaintiff was dismissed from his position as a police officer by the city manager on recommendation of the chief of police, and thereafter brought two actions against the City on a number of grounds. These actions were later consolidated *356 into one case. The City's motion for dismissal of the action was granted and it is from this ruling that plaintiff appeals.
The only question presented on appeal is whether, under the facts of this case, the district court has jurisdiction to review the city manager's action on certiorari as provided under R.C.P.Colo. 106(a) (4). Under the rule, certiorari is available only upon exercise of a "judicial or quasi-judicial" function. See State Civil Service Commission v. Cummings, 83 Colo. 379, 265 P. 687. We rule that the city manager's action was purely administrative and affirm the trial court's determination that it had no jurisdiction to review the action of the manager.
In Englewood v. Daily, 158 Colo. 356, 407 P.2d 325, the Colorado Supreme Court set forth the test for distinguishing judicial and quasi-judicial acts from administrative acts:
"Courts have mentioned several methods by which a distinction is drawn between a ministerial or legislative act on the one hand, and a quasi-judicial act on the other. The most common test is to determine whether the function under consideration involves the exercise of discretion and requires notice and hearing. If these elements are present the `finding' is generally a quasi-judicial act; if any of them are absent it is generally an administrative act."
See State Board of Land Com'rs. v. Carpenter, 16 Colo.App. 436, 66 P. 165. The recognized authorities are in accord with this position. In 2 E. McQuillin, Municipal Corporations § 12.267 (3rd ed. 1968) it is stated that:
"The general rule is that if the act of removal is executive, not judicial or quasi-judicial, it is not reviewable by certiorari. It has been ruled that if the law makes no provisions for hearing, but gives power to remove and only requires that reasons therefor be stated in writing and filed, and if the officer desires, he may be given an opportunity to explain, the removal act is `executive' so far as the right to review by certiorari is concerned." (Footnotes omitted)
Plaintiff cites Turner v. City & County of Denver, 146 Colo. 336, 361 P.2d 631, to support his argument that certiorari under Rule 106 is available to review the dismissal of a police officer. Turner, however, is distinguishable in that it involved judicial review of a civil service commission order. Unlike the situation at hand, the charter of the City of Denver establishes a civil service commission and provides for hearing and review of dismissals by the manager of safety. These charter provisions clearly place the commission in a quasi-judicial position and bring its decisions within the purview of R.C.P.Colo. 106.
Judgment affirmed.
DWYER and DUFFORD, JJ., concur.