[Civ. No. 47881. Second Dist., Div. Four. Aug. 26, 1976.]

EUGENE M. SALUTE et al., Plaintiffs and Appellants, v.
PETER PITCHESS, as Sheriff, etc., Defendant and Respondent.

558

---

**COUNSEL**

Eugene M. Salute and Richard F. Murkey, in pro. per., for Plaintiffs and Appellants.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Petitioners appeal from an order dismissing their petition for a writ of mandate, after a demurrer to that petition had been sustained.[1] For the reasons set forth below, we reverse the order.

Petitioners were and now are duly admitted attorneys-at-law and were duly licensed private investigators. As investigators they applied to respondent Sheriff of Los Angeles County for a permit to carry concealed weapons and their application was rejected. They sought relief in the trial court with the result above stated.

As duly licensed private investigators, petitioners are authorized to carry loaded firearms on their persons and in automobiles. (Pen. Code, § 12031, subd. (b)(7).) However, that section does not cover the carrying of such weapons in a concealed manner. Permission to carry a concealed weapon may be sought, as petitioners did here, by an application under sections 12050 and 12051 of the Penal Code. Those sections read as follows:

Section 12050: "(a) The sheriff of a county or the chief or other head of a municipal police department of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying is a resident of the county, may issue to such person a license to carry concealed a pistol, revolver, or other firearm for any period of time not to exceed one year from the date of the license.

"(b) A license may include any reasonable restrictions or conditions which the issuing authority deems warranted, including restrictions as to the time, place, and circumstances under which the person may carry a concealed firearm.

"(c) Any restrictions imposed pursuant to subdivision (b) shall be indicated on any license issued on or after the effective date of the amendments to this section enacted at the 1970 Regular Session of the Legislature."

---

[1] The notice of appeal states that it is from the nonappealable order sustaining the demurrer. Since a formal order of dismissal was made and entered, and appears in the record before us, we treat the appeal as being from that appealable order. (Rule 1(a), Cal. Rules of Court.)

Section 12051: "Applications for licenses shall be filed in writing, signed by the applicant, and shall state the name, occupation, residence and business address of the applicant, his age, height, weight, color of eyes and hair, and reason for desiring a license to carry the weapon. Any license issued upon such application shall set forth the foregoing data and shall, in addition, contain a description of the weapon or weapons authorized to be carried, giving the name of the manufacturer, the serial number and the caliber.

"Applications and licenses shall be uniform throughout the State, upon forms to be prescribed by the Attorney General."

■ The petitioners allege, and the sheriff admits, that the sheriff has a fixed policy of not granting applications under section 12050 except in a limited number of cases. The policy was stated by Undersheriff Block as follows:

"The Sheriff's policy is not to issue any concealed weapons permit to any person, except for judges who express concern for their personal safety. In special circumstances, the request of a public office holder who expresses concern for his personal safety would be considered. . . ." and "the outstanding permits issued by the Sheriff are only 24 in number."

■ While a court cannot compel a public officer to exercise his discretion in any particular manner, it may direct him to exercise that discretion. ■ We regard the case at bench as involving a refusal of the sheriff to exercise the discretion given him by the statute. Section 12050 imposes only three limits on the grant of an application to carry a concealed weapon: the applicant must be of good moral character, show good cause and be a resident of the county. To determine, in advance, as a uniform rule, that only selected public officials can show good cause is to refuse to consider the existence of good cause on the part of citizens generally and is an abuse of, and not an exercise of, discretion.

The petition before us alleges that petitioners are of good moral character and are residents of Los Angeles County. It is admitted that no inquiry into the existence of good cause has ever been made in connection with the application of these petitioners, or of any other applicant outside the limited group of public officials. It is the duty of the

sheriff to make such an investigation and determination, on an individual basis, on every application under section 12050.

The order of dismissal is reversed for further proceedings consistent with this opinion.

Dunn, J. and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 28, 1976. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.