**COLORADO INVESTMENT SERVICES, INC., a Colorado corporation, Plaintiff-Appellant,**

v.

**CITY OF WESTMINSTER, a Home Rule City and Municipal Corporation of the State of Colorado, Defendant-Appellee.**

No. 79CA0946.

Colorado Court of Appeals, Div. III.

Aug. 6, 1981.

Rehearing Denied Sept. 3, 1981.

Certiorari Denied Nov. 23, 1981.

Bradley, Campbell & Carney, Victor F. Boog, Golden, for plaintiff-appellant.

Stitt, Wittenbrink & Roan, P.C., James R. Stitt, Westminster, Law Office of Eric Damian Kelly, P.C., Eric Damian Kelly, Pueblo, for defendant-appellee.

KELLY, Judge.

Plaintiff, Colorado Investment Services, Inc., appeals from a declaratory judgment determining that a contract between the City of Westminster and the plaintiff's predecessor in interest for water and sewer services is in full force and effect, but that the City may limit the number of water and sewer connections and the timing of such connections in accordance with its ability to serve its water customers. We affirm.

Plaintiff owns partially developed property outside the city limits of Westminster. In 1971, plaintiff's predecessor in interest and the City of Westminster had entered into a contract for the installation of water and sewer lines, for the allocation of the costs of such lines between the parties, and for the establishment of a rate structure for connection fees and service fees if and when services were provided under such agreement.

In 1977, in order to prevent a water shortage in Westminster, the City adopted a program for allocating available water and sewage treatment capacity. Under the system developed, the plaintiff received in new taps nine percent of its water taps in use. The plaintiff argues that under the contract it is entitled to receive all the taps it needs, whenever it needs them, to complete development of its property.

The contract with Colorado Investment Services does not mandate that the City provide a particular amount of water or sewer services for any particular number of dwelling units nor in any particular quantity or schedule. However, when the City entered into its contract with the plaintiff, the City had two existing contracts, one with the Town of Federal Heights and the other with Shaw Heights Water District, and the contract with Colorado Investment Services provides:

"In the event it shall become necessary to ration or otherwise curtail water service to the subject property or any other water customers of City, for any reason, said rationing or curtailment shall be applied to the subject property on the same terms and conditions as contained in presently existing contracts with other customers."

This contractual provision incorporates by reference those provisions of Westminster's contracts with Federal Heights and Shaw Heights providing for allocation of water to customers outside the City. The plaintiff argues that Westminster is obligated to follow this rationing plan and, since it has not, it may not impose any restrictions on Colorado Investment's requests for water taps.

█ This argument ignores the fact that the *Westminster City Charter* § 14.3 provides:

"The City Council is authorized to lease water and water rights including treated, potable water, for use outside the City limits, provided the following two conditions are met in such leases:

(a) The City shall retain the power to limit deliveries of water in order to prevent a shortage of water to the users of domestic water within the City limits."

With certain exceptions, not applicable here, the law, including the City Charter, existing at the time and place of the making of the contract is a part of the contract. *Riverside Reservoir & Land Co. v. Green City Irrigation District*, 59 Colo. 514, 151 P. 443 (1915); 4 *S. Williston, Contracts* § 615 (W. Jaeger 3rd ed. 1961); 10 *E. McQuillin, Municipal Corporations* § 29.118 (R. Eickhoff & M. Meier 3rd ed. 1981). Also, one who contracts with a municipality is charged with knowledge of its limitations and restrictions in making contracts. *School District No. 98 v. Pomponi*, 79 Colo. 658, 247 P. 1056 (1926). Thus, the contract between the plaintiff and the City is subject to the Charter provision which allows the City to allocate its water. Accordingly, the City may limit the number of water taps it provides the plaintiff.

In light of our conclusions, we need not address the issues raised in the City's cross-appeal.

Judgment affirmed.

BERMAN and KIRSHBAUM, JJ., concur.