Cynthia Lou ERDELYI,
Plaintiff-Appellant,

v.

Hugh A. O'BRIEN, Individually and as Director of Public Safety of the City of Manhattan Beach; City of Manhattan Beach; and Police Department, City of Manhattan Beach, Defendants-Appellees.

No. 81–5245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1982.

Decided June 21, 1982.

Meir J. Westreich, Santa Ana, Cal., for plaintiff-appellant.

Richard R. Terzian, Los Angeles, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, and TANG and FARRIS, Circuit Judges.

PER CURIAM:

In July, 1979, plaintiff Cynthia Erdelyi applied to defendant Hugh O'Brien, the Director of Public Safety (Chief of Police) of the City of Manhattan Beach, California, for a license to carry a concealed weapon. At that time, Erdelyi was an employee of a licensed private investigator, though not herself a licensed private investigator. She had not been issued a concealed weapons license in the past.

The governing California statute provides as follows:

(a) The sheriff of a county or the chief ... of ... police ... of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying is a resident of the county, may issue to such person a license to carry concealed a ... firearm for any period of time not to exceed one year from the date of the license ....

(b) A license may include any reasonable restrictions or conditions which the issuing authority deems warranted, including restrictions as to the time, place, and circumstances under which the person may carry a concealed firearm.

Cal.Penal Code § 12050 (West).

O'Brien investigated Erdelyi's application and denied it. O'Brien met with Erdelyi at her request. He told her why he had denied the application, she stated why it should have been granted, and he again declined to issue a license.

Erdelyi then brought this suit in federal district court under 42 U.S.C. § 1983, alleg-

ing that O'Brien, the Manhattan Beach Police Department, and the City of Manhattan Beach violated her constitutional rights to due process of law and equal protection of the laws. The district court granted summary judgment for defendants. We affirm because Erdelyi did not have a property or liberty interest in obtaining an initial license to carry a concealed weapon.

### 1. Property

■ Property interests protected by the Due Process Clause of the Fourteenth Amendment do not arise whenever a person has only "an abstract need or desire for," or "unilateral expectation of," a benefit. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Rather, they arise from "legitimate claim[s] of entitlement ... defined by existing rules or understandings that stem from an independent source such as state law." *Id.; Russell v. Landrieu*, 621 F.2d 1037, 1040 (9th Cir. 1980).

■ Concealed weapons are closely regulated by the State of California. *See* Dangerous Weapons Control Law, Cal.Penal Code §§ 12000–12094. Whether the statute creates a property interest in concealed weapons licenses depends "largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [issuing authority] to deny licenses to applicants who claim to meet the minimum eligibility requirements." *Jacobson v. Hannifin*, 627 F.2d 177, 180 (9th Cir. 1980). Section 12050 explicitly grants discretion to the issuing officer to issue or not issue a license to applicants meeting the minimum statutory requirements. Where state law gives the issuing authority broad discretion to grant or deny license applications in a closely regulated field, initial applicants do not have a property right in such licenses protected by the Fourteenth Amendment. *See Jacobson, supra*, 627 F.2d at 180 (gaming license under Nevada law);

*Medina v. Rudman*, 545 F.2d 244, 250–51 (1st Cir. 1976) (racing license under New Hampshire law). Erdelyi therefore did not have a property interest in a concealed weapons license.

### 2. Liberty

■ Although liberty is a "broad and majestic term," *Roth*, 408 U.S. at 571, 92 S.Ct. at 2705, it is not all-inclusive. It does, however, include the right to be free from actions which "impose[ ] 'a stigma or other disability that foreclose[s] [one's] freedom to take advantage of other employment opportunities.'" *Soderback v. Siler*, 610 F.2d 643, 646 (9th Cir. 1979) (quoting *Roth, supra*, 408 U.S. at 573, 92 S.Ct. at 2707).

■ Erdelyi does not, and could not, argue that she has an absolute liberty to carry a concealed weapon. She claims that O'Brien's action foreclosed her freedom to work as a criminal defense investigator because it is dangerous for her to undertake that work without carrying a concealed weapon.

■ In *Soderback, supra*, 610 F.2d 643, a seaman was denied licenses to serve as a merchant marine officer.[1] Because he was not disqualified from "his basic occupation as a merchant mariner," and because the denial "was not based on charges of dishonesty, crime, or immorality to which any stigma is attached," *id.* at 646, we held that he had not been deprived of liberty. The same reasoning applies to this case. First, it is undisputed that many people engage in the occupations of private investigator and criminal defense investigator without a concealed weapons license. Although Erdelyi might not be able to pursue her profession in precisely the way she would like, she has not been entirely, or even substantially, excluded. Second, no stigma attached to the denial of her application. Therefore, Erde-

---

1. *Soderback* was an action against Coast Guard officials under the Fifth Amendment's Due Process Clause. There is no reason to give "liberty" broader scope in the Fourteenth Amendment than in the Fifth.

lyi did not have a liberty interest in obtaining a concealed weapons license.[2]

*Conclusion*

Since Erdelyi did not have a property or liberty interest in a concealed weapons license, the Due Process Clause did not require defendants to provide her with due process before denying her initial application for a license. *Roth, supra*, 408 U.S. at 569–71, 92 S.Ct. at 2705. We therefore need not decide whether the meeting with O'Brien would have satisfied due process requirements.

AFFIRMED.

2. Under state law Erdelyi is entitled to mandamus from a state court if her claim that O'Brien had a policy of denying all applications is true.

*Salute v. Pitchess*, 61 Cal.App.3d 557, 132 Cal. Rptr. 345 (1976).