Cynthia HUNTER, Plaintiff-Appellant,

v.

The MANAGER OF SAFETY OF the CITY AND COUNTY OF DENVER, By and Through its duly appointed representative, Elvin R. CALDWELL; the Civil Service Commission of the City and County of Denver, by and through its Commissioners, Oswald C. Abernathy, Ted Bach, and William Cassell; and the City and County of Denver, a municipal corporation, Defendants-Appellees.

No. 82CA0738.

Colorado Court of Appeals, Div. I.

Dec. 2, 1982.

Dill & Dill, P.C., Jon Stonbraker, Denver, for plaintiff-appellant.

Gary F. Burke, Asst. City Atty., Denver, for defendants-appellees.

KELLY, Judge.

The plaintiff, Cynthia Hunter, a probationary police officer with the Denver Police Department, filed a complaint under C.R.C.P. 106(a)(4) against the defendants alleging that their actions in discharging her were arbitrary and capricious and an abuse of discretion. The trial court dismissed the complaint. We affirm.

It is undisputed that the plaintiff was a probationary employee of the Denver Police Department at the time she was discharged. It is also undisputed that the Denver City Charter § C5.68 provides that, during probationary service, a member in the classified service serves without tenure until the successful completion of the probationary period.

The city attorney asserts that: "It is so well settled in Colorado that a probationary employee may be summarily dismissed without a hearing and without stating grounds for such dismissal that the most recent cases decided by Colorado appellate courts, *Slaby v. City and County of Denver,* 502 P.2d 1129 (Colo.App.1972) and *Civil Service Commission v. Leydon,* 491 P.2d 1391 (Colo.App.1971), were not selected for official publication." We have reviewed the cited cases, and we adopt the rule of law stated therein and therefore hold that, absent contrary legislation, applicable rule, or contractual provision, a probationary city employee is without tenure and may be summarily dismissed. Accordingly, the trial court here correctly dismissed the action.

The judgment is affirmed.

COYTE and PIERCE, JJ., concur.