DEPARTMENT OF HEALTH, STATE OF COLORADO, Plaintiff-Appellant,

v.

Mamie DONAHUE and State Personnel Board, Defendants-Appellees.

No. 82CA0456.

Colorado Court of Appeals, Div. I.

Dec. 30, 1982.

Rehearing Denied Jan. 27, 1983.

Certiorari Granted Aug. 22, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Anthony Marquez, Asst. Atty. Gen., Denver, for plaintiff-appellant.

James R. Gilsdorf, Denver, for defendants-appellees.

PIERCE, Judge.

The State Department of Health appeals the judgment of the district court affirming an award of the State Personnel Board. The award reinstated Mamie Donahue in her position as Migrant Health Program Director with full back pay. We affirm.

Donahue was employed as a probationary employee in May of 1977 when she was dismissed from her position before obtaining certified status. She was informed of the disciplinary action at a meeting with her supervisor on April 20, 1978, when she was handed a letter, bearing the same date, which advised her of her dismissal. She had no previous notice of the impending dismissal or the allegations against her. At the meeting she did not respond to charges because she believed the decision was irrevocable and had already been made.

Donahue filed a timely appeal with the State Personnel Board, which in turn referred the matter to the Colorado Civil Rights Commission for investigation of Donahue's allegation of unlawful discrimination. On January 6, 1980, in compliance with an order of the hearing officer, Donahue submitted a prehearing statement setting forth the issues to be raised at the hearing. She alleged, among other things, that she had not been given a hearing with the appointing authority prior to the imposition of the dismissal as was required by State Personnel Board Rule 7-3-1.

The final agency decision ruled that discrimination was not involved in her dismissal, but affirmed the hearing officer's holding that the Department had not complied with the State Personnel Board rule. The Board then ordered Donahue be reinstated to her position with full back pay.

The Department of Health complains the issue of compliance with Rule 7-3-1 was not timely raised and that, even if it were, Donahue was not entitled to back pay, less earnings for unemployment compensation received between the time of the discharge and the present. The Department reasons that Donahue was a probationary employee who had no vested right in her employment and could be summarily discharged without cause.

As a general rule, a probationary government employee may be summarily dismissed without a hearing and without any stated grounds for such dismissal. However, this principle may be modified by contrary legislation, agency rule, or contractual provision. *See Hunter v. City & County of Denver,* 657 P.2d 456 (Colo.App. 1982).

In effect at the time of Donahue's discharge was State Personnel Board Rule 7–3–1, which reads in pertinent part as follows:

"When information received by the appointing authority indicates the possible need to administer disciplinary action, he shall meet with the employee involved, present the information that has come to his attention, and give the employee an opportunity to admit or present information regarding mitigating circumstances."

■ This rule grants state employees, whether probationary or certified, a due process right. This provision must be complied with by the agency before discharge is proper. It is not enough, as the trial court determined here, to set forth the charges after the decision for discharge has already been made. The employee must be given sufficient advance notice so that he or she can be prepared to answer the charges and offer information of mitigating circumstances. *See Shumate v. State Personnel Board,* 34 Colo.App. 393, 528 P.2d 404 (1974).

■ We agree that a demand for compliance with Rule 7–3–1 must be timely made. Here, where the demand was made to the hearing officer before that officer had made his initial decision the request was timely. *Phillips v. Colorado State Penitentiary* (Colo.App. July 1, 1976 No. 75–614) (not selected for official publication).

The judgment is affirmed.

COYTE and KELLY, JJ., concur.