Carmen J. CHELLSEN, Michelle T. Collins, Howard N. Hall, James W. Roy, Sr., Mark R. Zemke, Steven M. Kenfield, Plaintiffs–Appellants,

v.

Federico PENA, Mayor, City and County of Denver; Richard Gonzales, Chief of the Denver Fire Department; Manuel Martinez, Manager of Safety, City and County of Denver; Civil Service Commission, City and County of Denver, consisting of the following: Edward Sullivan, Roger Cisneros, Leslie S. Franklin, Deborah Wagner, Jane Woodhouse; City and County of Denver, a Municipal Corporation; David M. Borelli, Charles Chase, Jr., David Sternstedt, Robert T. Hall, Todd O. Lacey, Curtis E. Schroder, Steven A. Scott, Scott Simpson, and all other John Does and Mary Moes, whose precise names are unknown at this time, Defendants–Appellees.

No. 91CA1480.

Colorado Court of Appeals, Div. I.

Dec. 17, 1992.

Rehearing Denied Jan. 14, 1993.

Certiorari Denied Aug. 23, 1993.

Robert E. Goodwin & Associates, Robert E. Goodwin, Denver, for plaintiffs-appellants.

Daniel E. Muse, City Atty., J. Wallace Wortham, Jr., Asst. City Atty., Denver, for defendants-appellees Federico Pena, Richard Gonzales, Manuel Martinez, Civil Service Com'n, Edward Sullivan, Roger Cisneros, Leslie S. Franklin, Deborah Wagner, Jane Woodhouse and City and County of Denver.

Brauer, Buescher, Valentine, Thomas B. Buescher, Walter C. Brauer, III, Denver, for defendants-appellees David M. Borelli, Charles Chase, Jr., David Sternstedt, Robert T. Hall, Todd O. Lacey, Curtis E. Schroder, Steven A. Scott and Scott Simpson.

Opinion by Judge NEY.

Plaintiffs, six former Denver firefighters dismissed at the end of their probationary period, appeal from the judgment dismissing their claims against the City and County of Denver, its Mayor, Manager of Safety, Chief of the Fire Department, and Civil Service Commission. They also appeal the dismissal of their claims against subsequently appointed firefighters. We affirm.

After successful completion of civil service examinations, plaintiffs accepted appointments as probationary firefighters for the City and County of Denver, commencing on February 1, 1989. Under the City Charter and Civil Service Commission regulations, probationary appointments were for 12 months. At the expiration of that period, probationers would be permanently appointed if their conduct and capacity were satisfactory; otherwise they would be dismissed. Denver City Charter § C5.69; Denver Civil Service Commission Rule No. IX, § 2.

Plaintiffs received only positive periodic evaluations from Fire Department officers during their probationary period. However, the Department also evaluated all probationers through a battery of tests given after eleven and a half months of employment, and plaintiffs failed one or more of these tests. The Chief recommended to the Manager of Safety that plaintiffs be dismissed, and the Manager recommended dismissal to the Commission, which approved the recommendation.

Alleging a variety of defects in the administration of the tests, plaintiffs petitioned the Commission for reinstatement. After the Commission summarily denied the petition without a hearing, plaintiffs commenced this action for review of the Commission's action under C.R.C.P. 106(a)(4), seeking injunctive and declaratory relief and damages under contract and negligence theories. They also named subsequently appointed firefighters as defendants on the ground that they were indispensable parties with an interest in the outcome of the litigation. The trial court dismissed the claims against the subsequently appointed firefighters, and it later

entered judgment dismissing all claims against the other defendants.

## I.

Plaintiffs contend that the trial court erred in dismissing their claims for review of the Commission's action under C.R.C.P. 106(a)(4). We disagree.

Judicial review under C.R.C.P. 106(a)(4) is limited to judicial and quasi-judicial agency action. *State Farm Mutual Automobile Insurance Co. v. City of Lakewood,* 788 P.2d 808 (Colo.1990). Administrative or ministerial actions are not subject to review under C.R.C.P. 106(a)(4). *Sherman v. City of Colorado Springs Planning Commission,* 763 P.2d 292 (Colo. 1988).

Whether an agency action is quasi-judicial or administrative depends on the nature of the governmental decision and the process by which it is reached. When the decision is likely to affect the rights and duties of specific individuals and is reached through the application of preexisting legal standards or policy considerations to present or past facts developed at a hearing, the agency is generally acting in a quasi-judicial capacity. *Cherry Hills Resort Development Co. v. City of Cherry Hills Village,* 757 P.2d 622 (Colo.1988). Quasi-judicial functions ordinarily require the exercise of discretion. *Sherman v. City of Colorado Springs Planning Commission, supra.*

Although the absence of a statute or ordinance requiring notice and a public hearing is not determinative, the existence of a legislatively mandated notice and hearing requirement is clear proof that an action is quasi-judicial. *Cherry Hills Resort Development Co. v. City of Cherry Hills Village, supra.*

Here, the only limitation on the dismissal of probationary firefighters with more than six months of service was the requirement of Denver City Charter § C5.69 that the Commission must approve and consent to their dismissal. Although the decision of the Commission to approve the dismissal clearly affected the rights of specific individuals and is left to the discretion of the Commission, we conclude that it is not a quasi-judicial decision subject to review under C.R.C.P. 106(a)(4).

There is no requirement that the Commission must base its decisions on application of preexisting legal standards or policy considerations to present or past facts developed at a hearing. Not only was there no requirement in the City Charter or Commission regulations for notice and a hearing; Denver City Charter § C5.69 and Civil Service Commission Rule No. IX, § 2, specifically provided that probationary firefighters had no right to appeal dismissals. The Commission therefore may approve or disapprove dismissals of probationary firefighters without permitting the affected firefighters to have any input in that decision.

Such *ex parte* decisions are not quasi-judicial. Judicial decisions ordinarily resolve disputes between parties. Here, the Commission merely approves or disapproves a recommendation by a lower authority; it does not resolve disputes between parties.

In light of the provision precluding appeals, approval or disapproval of dismissals of probationary firefighters by the Commission is not a quasi-judicial act subject to review under C.R.C.P. 106(a)(4); rather, it is an internal administrative or ministerial matter. *See Hoffman v. City of Fort Collins,* 30 Colo.App. 123, 489 P.2d 355 (1971). *Cf. Carpenter v. Civil Service Commission,* 813 P.2d 773 (Colo.App.1990) (Commission's rejection of unsuccessful job applicant's appeal was subject to review under C.R.C.P. 106(a)(4) where regulations expressly provided for appeal).

## II.

Plaintiffs contend that the trial court erred in dismissing their other claims based on contract and negligence on the ground that C.R.C.P. 106(a)(4) was their exclusive remedy. We agree that C.R.C.P. 106 was not plaintiff's exclusive remedy; however, we affirm the dismissal for other reasons.

Declaratory relief under C.R.C.P. 57 is an appropriate means of challenging governmental actions that are not subject to review under C.R.C.P. 106(a)(4). *See Grant v. District Court,* 635 P.2d 201 (Colo.1981). And, C.R.C.P. 106(a)(4) review is not the appropriate remedy for a breach of employment contract claim against a municipal corporation. *See Wilson v. Town of Avon,* 749 P.2d 990 (Colo.App. 1987).

Here, plaintiffs challenge a governmental action that was not subject to review under C.R.C.P. 106(a)(4) and raise breach of contract and negligence theories in their claims for declaratory relief, injunctive relief, and damages. The trial court therefore erred in dismissing these claims on the ground that C.R.C.P. 106(a)(4) was plaintiffs' exclusive remedy.

A judgment that reaches the correct result should be affirmed even if the trial court's reasons were wrong. *See Tschudy v. Amos C. Sudler & Co.,* 158 Colo. 421, 407 P.2d 877 (1965); *Cole v. Hotz,* 758 P.2d 679 (Colo.App.1987). We conclude that, as a matter of law, plaintiffs failed to state claims for breach of contract and negligence.

Under the Denver City Charter, probationary employees are terminable at will. *See Hunter v. Manager of Safety,* 657 P.2d 456 (Colo.App.1982). *See also* Denver Civil Service Commission Rule No. IX, § 2. Denver City Charter § C5.69 places only one limitation on the dismissal of probationary employees with more than six months of service. However, the provision requiring the Commission's approval for dismissal of a probationary employee does not convert the employment into one terminable only for cause. The effect of § C5.69, construed as a whole, is that probationary employees are terminable at will.

At most, the provision could be construed to give probationary employees a contractual right to be dismissed only upon approval by the Commission, but it is uncontroverted that the Commission approved plaintiffs' dismissal. Plaintiffs' dismissal therefore could not constitute a breach of contract.

Moreover, in the absence of an amendment to Denver City Charter § C5.69, any express or implied contract purporting to limit defendants' right to terminate probationary employees at will is unenforceable by plaintiffs.

In *Seeley v. Board of County Commissioners,* 791 P.2d 696 (Colo.1990), a discharged deputy sheriff brought promissory estoppel and implied contract claims based on documents issued by the sheriff purporting to limit his authority to discharge deputies. The court held that the sheriff had no authority to limit his power to discharge deputies because the limitations contradicted an express statutory provision that deputies were terminable at will. The deputy therefore could not enforce the contract.

The same reasoning applies when a city charter, rather than a statute, provides that employees are terminable at will. One who contracts with a municipality is charged with knowledge of its limitations and restrictions in making contracts. The existing law, including the city charter, becomes a part of the contract. *Keeling v. City of Grand Junction,* 689 P.2d 679 (Colo.App.1984). Further, a municipal corporation cannot be obligated upon an alleged implied contract which is contrary to charter provisions. 10A E. McQuillen, *Municipal Corporations* § 28.111.10 at 103 (G. O'Gradney & C. Miller 3d ed. 1990 Rev.). Accordingly, as probationary firefighters, plaintiffs remained terminable at will under Denver City Charter § C5.69 despite any express or implied statements to the contrary by defendants.

Nor did plaintiffs state a claim for negligence.

City Charter provisions and Civil Service Commission regulations are the basis of the asserted duty of care. These provisions are incorporated in plaintiffs' employment contracts, *see Keeling v. City of Grand Junction, supra; Colorado Investment Services, Inc. v. City of Westminster,* 636 P.2d 1316 (Colo.App.1981),

and we read the complaint to allege a negligent breach of a contractual duty to conduct examinations properly, resulting in dismissal.

■ Generally, there is no cause of action in tort for negligent breach of contractual duty resulting in purely economic damages; a claim for economic loss on a contract should not be translated into a tort action to avoid some obstacle to recovery on a contract theory. *Jardel Enterprises, Inc. v. Triconsultants, Inc.,* 770 P.2d 1301 (Colo.App.1988). Accordingly, there is no cause of action for negligent termination of employment. *Wing v. JMB Property Management Corp.,* 714 P.2d 916 (Colo.App. 1985).

■ Here, plaintiffs' loss was purely economic. They cannot recover in negligence for the emotional distress alleged in their complaint because they were not subject to an unreasonable risk of bodily harm. *See Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978); *Kimelman v. City of Colorado Springs,* 775 P.2d 51 (Colo.App. 1988). Thus, plaintiffs failed to state a claim for negligence.

As we read the complaint, the claims for injunctive relief, declaratory relief, and damages were all based on contract and negligence theories. Accordingly, we conclude that these claims were properly dismissed, although not for the reasons stated by the trial court.

In light of the foregoing disposition, the claims against subsequently appointed firefighters are moot.

The judgment is affirmed.

STERNBERG, C.J., and BRIGGS, J., concur.