**Thomas C. MILLER and R.W. Peterson, Plaintiffs–Appellants,**

v.

**James R. COLLIER; Detective William Phillips; and the City and County of Denver, Defendants–Appellees.**

No. 92CA2030.

Colorado Court of Appeals, Div. I.

June 16, 1994.

Theodore A. Borrillo, Doris A. Waters, Denver, for plaintiffs-appellants.

Daniel E. Muse, City Atty., James C. Thomas, Asst. City Atty., Denver, for defendants-appellees.

David B. Kopel, Golden, Robert Dowlut, Washington, DC, for amicus curiae The Firearms Civ. Rights Legal Defense Fund.

Opinion by Judge KAPELKE.

In this action against defendants, the City and County of Denver and two of its police officials, to recover damages under 42 U.S.C. § 1983 (1988) and for relief in the nature of certiorari review and mandamus under C.R.C.P. 106, plaintiffs, Thomas C. Miller and R.W. Peterson, appeal from the judgment of the trial court dismissing their complaint with prejudice. We reverse and remand for further proceedings.

In their complaint, plaintiffs allege that they are private investigators who need to carry concealed weapons in order to protect themselves and others during the course of their work. They further allege that they have applied unsuccessfully to the Denver Police Department and Chief of Police for permits to carry such weapons.

In addition, they allege that Miller applied for a permit in July 1991 and that defendants denied his application in June 1992, on the ground that he had no "compelling need" to carry a concealed weapon. Defendants informed Miller that he could reapply, but when he requested an application he was advised that the Denver Police Department was no longer providing applications for concealed weapons permits.

Peterson, who had held a concealed weapons permit for approximately eighteen years, applied for a renewal of his permit in March 1992. Defendants allegedly denied his application without an explanation.

Plaintiffs further allege in their complaint that defendants failed to promulgate reasonable rules and regulations governing the issuance of concealed weapons permits and that defendants' policies in processing and acting upon permit applications are arbitrary and capricious. More specifically, plaintiffs claim that while defendants issue concealed weapons permits to law enforcement officers, government employees, and private citizens who are former law enforcement officers "on a select basis," they have refused since May of 1992 to issue permits to other private citizens such as plaintiffs.

Plaintiffs allege that defendants "do not require the select group they have determined should receive concealed weapons permits to meet the same criteria as they have set" for private citizens and that, by refusing to issue concealed weapons permits to private citizens, defendants are trying to protect private investigators who are current or retired law enforcement officers from competition by plaintiffs.

Defendants filed a motion to dismiss pursuant to C.R.C.P. 12(b). The trial court granted the motion and dismissed plaintiffs' claims with prejudice, concluding that it lacked jurisdiction to afford relief under C.R.C.P. 106 and that plaintiffs had failed to state a claim under 42 U.S.C. § 1983.

I.

Plaintiffs first contend that the trial court erred in dismissing their request for relief in the nature of mandamus under C.R.C.P. 106(a)(2). We agree.

■ Mandamus is an extraordinary remedy that is justified only when a public official has failed to perform a statutory duty or to adhere to his or her statutory responsibility. A trial court may not issue mandamus unless the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform the act requested, and the plaintiff has no other available remedy. *Sherman v. City of Colorado Springs Planning Commission*, 763 P.2d 292 (Colo.1988).

The issuance of permits to carry concealed weapons is governed by statute and a Denver municipal ordinance. Section 31–4–112.1, C.R.S. (1986 Repl.Vol. 12B) provides that:

The chief of police of a city or city and county *may* issue written permits to carry concealed weapons. Any such permit *shall* be issued in accordance with section 18–12–105.1, C.R.S. (emphasis added).

Under § 18–12–105.1(1), C.R.S. (1986 Repl. Vol. 8B), the chief of police "may issue written permits to carry concealed weapons." The statute further provides as follows:

A sheriff or chief of police *shall* make an inquiry into the background of an applicant for a permit to carry a concealed weapon to determine if the applicant would present a danger to others or to himself if he is granted a permit.

Section 18–12–105.1(2), C.R.S. (1986 Repl. Vol. 8B) (emphasis added).

Denver Revised Municipal Code 38–116.5 contains additional provisions governing the issuance of permits to carry concealed weapons:

(a) The Chief of Police is authorized to issue permits to persons to carry concealed weapons. Such permits are conditioned upon reasonable terms for the protection of life and property.

(b) The Chief of Police *shall* promulgate rules and regulations to implement the issuance of concealed weapons permits.... (emphasis added).

■ If a public official fails to act despite a clear statutory mandate that he or she do so, mandamus may be an appropriate remedy. *Denver Ass'n for Retarded Children, Inc. v. School District No. 1*, 188 Colo. 310, 535 P.2d 200 (1975). While a court may order a public official to perform a statutory duty, it may not give directions about the manner in which the official's administrative discretion is to be exercised. *Peoples Natural Gas Division v. Public Utilities Commission*, 626 P.2d 159 (Colo.1981).

■ In *Salute v. Pitchess*, 61 Cal.App.3d 557, 132 Cal.Rptr. 345 (1976), private investigators sought relief in the nature of mandamus against the local sheriff who had denied their applications for permits to carry concealed weapons. The applicable California statute provided that the sheriff "may issue" such permits "upon proof that the person applying is of good character, that good cause exists for the issuance, and that the person applying is a resident of the county." The petitioners alleged, and the sheriff admitted, that the sheriff "has a fixed policy of not granting applications under [the statute] except in a limited number of cases." The sheriff's policy was:

not to issue any concealed weapons permit to any person, except for judges who express concern for their personal safety. In special circumstances, the request of a public office holder who expresses concern for his personal safety would be considered....

*Salute v. Pitchess*, 61 Cal.App.3d at 560, 132 Cal.Rptr. at 347.

The trial court dismissed the applicants' claim. The California Court of Appeal reversed and held that:

While a court cannot compel a public officer to exercise his discretion in any particular manner, it may direct him to exercise that discretion. We regard the case at bench as involving a refusal of the sheriff to exercise the discretion given him by the statute.... To determine, in advance, as a uniform rule, that only selected public officials can show good cause is to refuse to consider the existence of good cause on the part of citizens generally and is an abuse of, and not an exercise of discretion.... It is the duty of the sheriff to make such an investigation and determination, on an individual basis, on every application under [the statute].

*Salute v. Pitchess,* 61 Cal.App.3d at 560–61, 132 Cal.Rptr. at 347.

Here, as in *Salute,* plaintiffs have alleged that defendants failed to fulfill duties imposed on them by statute and ordinance. Defendants have allegedly refused to accept applications for concealed weapons permits from private investigators who are not current or retired law enforcement officers and breached their statutory duty to conduct background checks on each applicant.

Plaintiffs also claim that defendants have not fulfilled their duty under the Denver Municipal Code to "promulgate rules and regulations to implement the issuance of concealed weapons permits" that condition the issuance of such permits on "reasonable terms for the protection of life and property." Denver Revised Municipal Code 38–116.5; *see also* Denver Revised Municipal Code 2–95 (providing that when an ordinance requires a governmental body to promulgate rules and regulations, it must initiate rule making proceedings within sixty days after the effective date of the ordinance requiring the rules).

Under the applicable statutes and ordinance, plaintiffs have a right to apply for concealed weapons permits and to have their applications processed pursuant to reasonable rules and regulations. At a minimum, defendants have a clear duty by ordinance to promulgate rules and regulations. In addition, while the statute provides that a police chief *may* issue concealed weapons permits, if the Denver police chief is in fact issuing any such permits, he has a clear duty under § 18–12–105.1(2) to conduct background checks on the applicants.

Finally, since plaintiffs can obtain a permit only upon application to defendants, they may be able to show that they have no other available remedy. Thus, relief in the nature of mandamus may be appropriate here, and the trial court should not have dismissed plaintiffs' claim as to this remedy. *See Sherman v. City of Colorado Springs Planning Commission, supra; Salute v. Pitchess, supra.*

## II.

Plaintiffs next contend that the trial court erred in dismissing their request for certiorari review under C.R.C.P. 106(a)(4). We disagree.

▇ Certiorari review under C.R.C.P. 106(a)(4) is available when a government entity, "exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy." Administrative or ministerial decisions are not subject to review under C.R.C.P. 106(a)(4). *Carpenter v. Civil Service Commission,* 813 P.2d 773 (Colo.App.1990).

Plaintiffs maintain that, in denying their applications for permits to carry concealed weapons, defendants were performing a quasi-judicial function. We do not agree.

▇ Whether governmental action is quasi-judicial or ministerial depends upon the nature of the governmental decision and the process by which it is reached. *Carpenter v. Civil Service Commission, supra.* A government decision is generally considered to be quasi-judicial when "it is likely to affect the rights and duties of specific individuals, and the decision is to be reached through the application of preexisting legal standards or policy considerations to present or past facts developed at a hearing." *Sherman v. City of Colorado Springs Planning Commission, supra,* 763 P.2d at 296; *see also Cherry Hills Resort Development Co. v. Cherry Hills Village,* 757 P.2d 622 (Colo.1988).

We conclude that the trial court properly determined that the alleged acts and policies of defendants here are more in the nature of administrative decisions. Accordingly, they are not subject to certiorari review under C.R.C.P. 106(a)(4). *See Hoffman v. Fort Collins,* 30 Colo.App. 123, 489 P.2d 355 (1971).

## III.

Finally, plaintiffs contend that the trial court erred in dismissing their claim under 42 U.S.C. § 1983 alleging deprivation of their rights to equal protection under the United States Constitution. We conclude that the

complaint does state a claim under § 1983 as to an alleged violation of plaintiffs' rights to equal protection of the law.

A motion to dismiss for failure to state a claim is viewed with disfavor and should be granted only if it is clear that plaintiffs would not be entitled to any relief under the facts pleaded. *National Surety Corp. v. Citizens State Bank,* 41 Colo.App. 580, 593 P.2d 362 (1978), *aff'd,* 199 Colo. 497, 612 P.2d 70 (1980). In resolving a motion to dismiss, a trial court must accept the allegations of the complaint as true and construe them strictly against the defendant. *Shapiro & Meinhold v. Zartman,* 823 P.2d 120 (Colo. 1992).

Appellate courts are bound by these principles when reviewing a trial court's order dismissing a complaint for failure to state a claim. *Shapiro & Meinhold v. Zartman, supra.*

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Broadly described, the intent of § 1983 is to "create a civil remedy for persons who prove that one acting under color of state law has illegally deprived them of rights guaranteed by the federal constitution or by federal law." *Espinoza v. O'Dell,* 633 P.2d 455, 460 (Colo. 1981).

Here, plaintiffs claim that they were denied equal protection of the law as a result of defendants' handling of their applications. We agree that plaintiffs properly stated a claim in this regard.

The equal protection guarantee of the United States Constitution requires like treatment of persons who are similarly situated. Because equal protection is denied only when government action has a "special

impact on less than all the persons subject to its jurisdiction," a threshold question is whether plaintiffs were treated differently than other persons who are similarly situated. *Bath v. Department of Revenue,* 758 P.2d 1381 (Colo.1988).

Equal protection of the law requires, under a rational basis analysis, that "a governmental classification which singles out a group of persons for disparate treatment be rationally founded on differences that are real and not illusory and that such classification be reasonably related to a legitimate state interest." *Tassian v. People,* 731 P.2d 672, 675 (Colo.1987); *see also Bath v. Department of Revenue, supra.*

In their complaint, plaintiffs allege that their applications were handled differently than those submitted by private investigators who are current or retired law enforcement officers and that defendants are, in effect, "attempting to protect the outside employment of current law enforcement officers and retired law enforcement officers to conduct private business at the expense of the plaintiffs." Plaintiffs claim that there is no rational reason for this disparate treatment and that defendants are thus acting arbitrarily and capriciously.

These allegations are sufficient to state a claim for relief under § 1983 for violation of plaintiffs' rights to equal protection of the law. *See Guillory v. County of Orange,* 731 F.2d 1379 (9th Cir.1984). Accordingly, the trial court erred in dismissing this claim for relief under 42 U.S.C. § 1983.

In regard to the dismissal of plaintiffs' claims seeking relief in the nature of mandamus and relief under 42 U.S.C. § 1983, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and BRIGGS, J., concur.