William P. ALDERTON, Plaintiff–Appellant,

v.

STATE of Colorado, Defendant–Appellee.

No. 99CA0773.

Colorado Court of Appeals, Div. A.

Oct. 26, 2000.

William P. Alderton, Pro Se.

Ken Salazar, Attorney General, Coleman M. Connolly, Assistant Attorney General, Denver, CO, for Defendant–Appellee.

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

Opinion by Judge CRISWELL.\*

Plaintiff, William P. Alderton, appeals the summary judgment entered in favor of defendant, The State of Colorado, on plaintiff's claims for declaratory relief and damages concerning alleged underpayment of wages. We affirm.

Plaintiff is a part-time county court judge in Chaffee County, Colorado. He commenced this action alleging that he was entitled to a pay increase for the period between July 1, 1998, and June 30, 1999. Plaintiff's claim is based on Colo. Sess. Laws 1987, ch. 106, § 13–30–103(1)(k)(I), at 561. That statute contained a formula (the prior formula) for determining compensation of part-time county court judges based upon the average number of cases terminated during the previous three years.

However, the statute was amended during the 1997 legislative session. *See* Colo. Sess. Laws 1997, ch. 157 at 767–768. Effective July 1, 1998, part-time county court judges were to be paid according to a different formula based on an average of the number of cases filed during the previous three years. Under the amended statute, salaries are established annually by the chief justice and certified to the General Assembly. The amended statute also provides that, notwithstanding the new formula, "the salary of a county judge ... serving in office as of June 30, 1998, may not be reduced while such judge remains in office." *See* § 13–30–103(1)(*l*)(I), C.R.S.2000.

Plaintiff's complaint alleged that, despite this statutory amendment, he had a vested and constitutionally protected right to be paid under the prior formula. Plaintiff also alleged that defendant's denial of his request for the additional pay violated Colo. Const. art. IV, § 19, prohibiting reduction of judicial pay while a judge is in office.

Defendant filed a motion to dismiss in which it argued that plaintiff had suffered no injury to a legally protected interest. Defendant attached an affidavit to the motion indicating that, although plaintiff's salary would

and § 24–51–1105, C.R.S.2000.

have declined under the new formula, plaintiff had been "grandfathered in" and was, therefore, being paid at the same rate as before the amendment.

Plaintiff responded by arguing that he was entitled to be paid under the prior formula which would have given him a raise for the period in question.

The trial court treated defendant's motion as a motion for summary judgment. It concluded that plaintiff had failed to show any statutory or constitutional provision requiring the requested increase in pay. Accordingly, the trial court entered summary judgment in favor of defendant and dismissed the complaint with prejudice. Plaintiff filed a motion to reconsider that was subsequently denied by operation of law pursuant to C.R.C.P. 59(j). Plaintiff then commenced this appeal.

## I.

■ Plaintiff first contends that the trial court erred in granting summary judgment because he had a contractual right to be paid according to the prior formula. We disagree.

■ A statute or ordinance will be considered a contract only if its language and surrounding circumstances manifest a legislative intent to create private contractual rights enforceable against the state or municipality. Further, there exists a presumption that a law is not intended to create private contractual vested rights, but that it merely declares a policy to be pursued until the legislature shall ordain otherwise. *See Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs,* 784 P.2d 766 (Colo.1989).

In *Keeling v. City of Grand Junction,* 689 P.2d 679 (Colo.App.1984), a division of this court held that city employees did not have a vested contractual right in the continuance of a particular rate or method of compensation. This decision was based, in large part, on the principle that a legislative body cannot enter into a contract that will bind succeeding bodies and thereby deprive them of the unrestricted exercise of their legislative power.

The supreme court cited the *Keeling* decision with approval in *Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs,*

*supra.* In that case, the court determined that a 1966 ordinance in which the city agreed to pay health insurance premiums for eligible retirees did not constitute a pension benefit or otherwise create a contractual right. The court also relied on decisions from other jurisdictions which have held that public employees do not have a vested right to continuation of pay under a specified method or formula. *See Chicago Patrolmen's Ass'n v. City of Chicago,* 56 Ill.2d 503, 309 N.E.2d 3 (1974) (police officials did not have property interest in continuation of policy providing officers with step and longevity salary increases), cert. denied, 419 U.S. 839, 95 S.Ct. 68, 42 L.Ed.2d 66 (1974); *Foley v. Consolidated City of Indianapolis,* 421 N.E.2d 1160 (Ind.App.1981) (discontinuation of college incentive pay program upheld even though employees allegedly worked in reliance on the program).

The rule adopted in these Colorado decisions is dispositive of plaintiff's claim that he had a contractual right to be paid under the prior formula. Nothing in the language of former § 13–30–103(1)(k)(I) indicates or implies that the salary calculation formula was contractual in nature or that it could not be modified or amended in the future. Plaintiff was charged with knowledge that succeeding general assemblies would not be· bound by the legislative acts of their predecessors in setting salary formulas for part-time county court judges. *See Keeling v. City of Grand Junction, supra* .

Further, we note that the salary formula at issue in this case did not involve rights accruing under a pension plan. The appellate courts of this state have consistently held that such rights constitute contractual obligations. *See Colorado Springs Fire Fighters Ass'n v. Colorado Springs, supra; Police Pension & Relief Board v. McPhail,* 139 Colo. 330, 338 P.2d 694 (1959).

This conclusion is also consistent with decisions by other courts that have addressed similar issues involving judicial salaries. *See United States v. Will,* 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980) (upholding congressional power to repeal previously enacted formula providing for cost-of-living in-

creases for federal judges so long as repeal takes place prior to effective date of increases); *Smith v. City of Phoenix*, 175 Ariz. 509, 858 P.2d 654 (Ariz.App.1992) (city judge had no vested contractual right to be paid according to formula in place when he took office).

In our view, the intent of former § 13–30–103(1)(k)(I) was simply to set forth an equitable formula for determining future compensation for part-time judges based on historical data concerning workload. Its intent was not to create an incentive program for judges to increase future salaries by resolving additional cases. Through the 1997 amendments, the General Assembly apparently determined that case filings, rather than case terminations, would be a more appropriate barometer of workload. This was well within its province, and that action did not violate any contractual obligation owed to plaintiff.

## II.

Plaintiff also contends that the current version of § 13–30–103, as applied to him, violates Colo. Const. art. II, § 11, and Colo. Const. art. IV, § 19. We are not persuaded.

 The new statute specifically provides that the adoption of the new formula will not have the effect of reducing any judge's salary. Hence, that statute does not violate art. IV, § 19.

Article II, § 11 provides that no law retrospective in its operation shall be passed by the General Assembly. An act violates this constitutional prohibition only if it takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new disability, with respect to transactions or considerations already past. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners*, 948 P.2d 1002 (Colo.1997); *see Ficarra v. Department of Regulatory Agencies*, 849 P.2d 6 (Colo.1993).

Here, we have already determined that plaintiff had no vested contractual right to be paid according to the formula set forth in former § 13–30–103. Consequently, he did not have a right or interest protected by Colo. Const. art. II, § 11.

The judgment is affirmed.

Chief Judge HUME and Judge STERNBERG * concur.